NORMAN T. NEEL, PLAINTIFF-RESPONDENT, v. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, A CORPORATION, DEFENDANT-APPELLANT.

Argued May 2, 1939—Decided June 19, 1939.

Before Justices CASE and HEHER.

For the plaintiff-respondent, *John A. Laird.*

For the defendant-appellant, *Schneider & Schneider (Jacob Schneider).*

The opinion of the court was delivered by

CASE, J. The appeal turns upon the meaning to be attributed to the word "operating" as used in an automobile liability policy issued by the defendant company to the Summit Auto Sales Company as the named assured. In consideration of an additional premium this coverage was added: "* * * the * * * policy is extended to cover the liability of customers of the named insured while riding in or operating any automobile owned by the named insured and covered under the terms of this policy." The Summit Auto Sales Company took an automobile to the home of the Durangs and delivered it, for the purpose of examination and testing, to Francis F. Durang, Jr., as a part of negotiations

expected to lead to the sale of the car to Francis F. Durang, Sr. During the day the son, at the father's request and for the purpose of advising the father as to whether the car should be purchased, took the car out for a trial run. The father, whose status as a customer under the policy is not disputed, was not in the car. The accident happened while the car was being thus tested. Judgment went for Neel against both father and son. The state of demand in the instant cause was grounded in the non-payment of the judgment. The court, sitting without a jury, found that the son was, at the time, in and about the business of his father in ascertaining the qualities of the automobile which the father considered purchasing, and that the son was therefore the father's agent and servant; and judgment went against the father on that theory.

The question is whether the word "operating" as used in the policy is to be limited to the manual control by the customer personally or is comprehensive of the act of the customer's servant. Our study of the dictionary definitions and of legal usage as reflected in the books brings us to the belief that sound support may be found for the use of the word with either meaning; and this presents an ambiguity. Decisions which have construed statutes with a criminal or *quasi*-criminal aspect rather uniformly limit the words "operator" and "operating" with respect to driving an automobile to the person exercising immediate physical control. So, too, some of the cases which construe contracts obviously based upon the language of such statutes. But here we have a contract drafted by the defendant insurer independent of the statute and in the preparation of which the plaintiff had no part. In such liability insurance there is more than the interest of the assured, whether named or unnamed. There is the interest of the potentially damaged person whom, for the want of a more accurate word, we may designate as the public; and his *status,* in certain respects, is a matter of public policy. *Osborn* v. *New Amsterdam Casualty Co.,* 111 *N. J. L.* 358. Where there is ambiguity in a contract the rule is that the construction should be most strongly against the writer (*Perfect Laundry Co.* v. *Marsh,* 121 *N. J. Eq.* 588), and our courts

have also held that in suits against an insurer for liability arising out of automobile accidents the language of the policy should be construed liberally in favor of the assured and of injured persons. *Rikowski* v. *Fidelity and Casualty Co.*, 117 *N. J. L.* 407.

Confronted with the obscure language of the contract, we may seek the purpose of the parties. It may be said to be a matter of common knowledge that a prospective purchaser of an automobile frequently, with the consent and at the suggestion of the sales company, takes the automobile into his custody for the purpose of acquainting himself with its qualities more fully than may well be done in the presence of or under the direction of the representative of the sales agency, and that he seldom takes out an insurance policy to indemnify him against liability arising from the use of the car under these circumstances. Into this breach steps the insurance company which carries the insurance of the automobile sales company and for a price incorporates within its policy a provision to protect the customer. No distinction is drawn between the insurable interest of an owner and that of a prospective customer from which it may be inferred that in normal course an insurer would protect the former and not the latter against the act of a servant. There appears no obvious reason why the customer should rest satisfied with an indemnification that does not cover his liability for the negligence of his son, or of his wife, or even of his chauffeur, for whose use the purchase is in part made, and upon whose judgment and preference he will lean in reaching his decision, or why the seller, in buying protection for his customer, should leave the coverage so incomplete. No argument in support of the appeal is made upon these points. Liability is contested solely on the meaning of the word "operating," and if appellant's contention is to prevail, the coverage appears to omit a very real element of risk incident to the general circumstance against which the insurance is directed.

Coming back, then, to the policy, we find that the language is "while riding in or operating" an automobile. The words "riding in" and "operating" are placed in antithesis. It is not reasonable to suppose that the words "riding in" were

meant to be inclusive of "operating," else the latter word becomes superfluous. It would seem therefor that a person who is "operating" a car is not necessarily one who is "riding in" it. It is argued that those who "ride in" automobiles are persons who are passengers and not in control, that those who "operate" are the ones who sit at the wheel, and that the two terms do not overlap. If that be a possible, it nevertheless is not a conclusive, construction, because the word "operating" has been judicially applied to the control of an automobile under circumstances where the performer of the act was not and could not have been sitting at the wheel. In *Hayes* v. *Brogan Cadillac-LaSalle Co.*, 10 *N. J. Mis. R.* 11, the opinion assumed, without question, the propriety of the use of the word "operating" to describe the function of a person at whose direction and in whose behalf an automobile was driven by another. It may be said here as it was said in the Rikowski case, *supra,* that if the insurer had intended to assume the more limited liability for which it contends "it could, by its contract, have narrowed its obligation, but one would expect that if, in the light of the public policy and the general public attitude outlined above, it purposed so to do, it would have phrased its contract in words more restricted than those now before us."

We think that the doubt must be resolved against the insurer. The judgment below will be affirmed.