## JAMISON v. PHOENIX INDEMNITY CO.
### No. 6361.

District Court, D. New Jersey.

Aug. 8, 1941.

Charles M. Morris by Alex Eber, both of New Brunswick, N. J., for plaintiff.

Edwards, Smith & Dawson by Raymond Dawson, all of Jersey City, N. J., for defendant.

FORMAN, District Judge.

On November 14, 1935, defendant through its agent, L. M. Brooks, wrote a policy of insurance covering a 1929 two and one-half ton Chevrolet truck owned by Joseph LaRocco. The policy was retained by Brooks because it was written upon a credit agreement between him and LaRocco. On January 3, 1936, LaRocco made a payment of $10 which was applied to the premiums due. On April 3, 1936, LaRocco sold the Chevrolet truck and on the same day purchased a 1930 two and one-half ton truck, a Ford, transferring the license plates from the Chevrolet on April 6, 1936. The policy of insurance contained the following recital with reference to replacements: "Automatic Coverage—Additional Automobiles. If this Policy, at the inception date thereof, covers all of the automobiles owned by the named Assured, and Statement 7 is answered to that effect, this Policy will automatically cover any other automobile purchased by the named Assured during the Policy period and used for pleasure purposes or in the business of the named Assured as described in Statement 1, provided the named Assured notifies the Company of such newly purchased automobile within ten days of the date thereof. If this Policy does not cover all automobiles owned by the named Assured, this Policy will automatically cover any other automobile, of the type described in the policy, purchased by the named Assured during the Policy period and used for the purposes described in Statement 5, provided (1) such newly purchased automobile replaces an automobile described in the Policy, (2) coverage for the replaced automobile terminates as of the date of purchase of the new automobile, and (3) the named Assured notifies the Company within ten days of the date thereof."

On April 9, 1936, within ten days after the acquisition of the Ford truck, it was involved in an accident injuring plaintiff.

On April 14, 1936, defendant cancelled the insurance policy for non payment of premiums, but not until July 21, 1936, did the defendant receive notice that plaintiff had been injured by the operation of the Ford truck. This notice was not given by LaRocco, the assured, but by a third party.

On July 31, 1936, defendant's representative interviewed LaRocco and learned the facts outlined above as to the transfer of the trucks and the accident of April 9, 1936. On August 3, 1936, defendant disclaimed liability on the ground that the policy did not cover the Ford truck.

Plaintiff has recovered judgment in the Common Pleas Court of Middlesex County, State of New Jersey, against LaRocco for $5,000, and now sues the defendant on the policy of insurance.

The above facts were submitted to this court on stipulation, and defendant now moves for a directed verdict in its favor.

Plaintiff construes the provision with reference to automatic coverage quoted supra to mean that the Ford truck was automatically insured for a period of ten days from the date of acquisition, and that since the accident occurred within that period, the policy is effective irrespective of notice. He argues that this construction is consonant with court decisions and legislation recognizing that the public at large has an interest in insurance contracts, citing Neel v. Indemnity Insurance Co., 122 N.J.L. 560, 6 A.2d 722.

Defendant argues that notice of replacement within ten days was a condition precedent to the operation of the automatic coverage clause.

In the case of Merchants Mutual Casualty Co. v. Lambert, 90 N.H. 507, 11 A.2d 361, 127 A.L.R. 483, the policy of insurance contained an automatic coverage clause providing "this agreement does not apply * * * unless the named insured notifies the company within ten days following the date of delivery of such other automobile * * *." Although the question of notice was not involved in the case, the court made the following pertinent observations: "As above stated, a reasonable person in the position of the insured would reasonably assume that he was entitled 'to automatic insurance for a newly acquired (replacing) automobile * * * as of the date of its delivery to him,' and that he had

ten days following the date of such delivery in which to notify the company of the replacement."

In the case of Hobbs-Western Co. v. Employers' Liability Assur. Corp., 8 Cir., 102 F.2d 32, an automobile of plaintiff's subcontractor injured a third party on April 17, 1934. Plaintiff's and defendant's respective representatives afterwards agreed that the policy of insurance issued by defendant to plaintiff did not cover the automobile involved. However, following the recovery of judgment against plaintiff by the injured third party, plaintiff sued on the policy, the material parts of which provided as follows:

"It is understood and agreed that the schedule of automobiles is hereby extended to cover any other automobiles acquired by the Assured or by any individual in the service of the Assured, provided the Named Assureds notify the Corporation in writing by means of the reports hereinafter required.

"The Named Assureds agree to maintain a complete and accurate record of any changes in or additions to the schedule of such automobiles in chronological order of the days and dates of such changes or additions, and to transmit a copy to the corporation at the end of each calendar month; the Named Assureds agree to pay a pro rata premium based upon the automobiles added to the schedule."

The trial court found that plaintiff had originally concluded that the policy did not cover the automobile, and had accordingly made no effort to bring the car within the coverage of the policy pursuant to the above quoted provisions. On appeal the dismissal of the action by the trial court was affirmed.

Our precedents on the problem are confined to the above cases and obviously they do not squarely dispose of the issue. For example, in the first of the above cited cases it is not definitely established that the assured had automatic insurance from the date of replacement only in the event that notice was given within ten days, because we cannot discern conclusively from the quoted language whether or not coverage would extend over the ten day period irrespective of notice. It is our opinion that it is extremely unlikely that the court intended the latter possibility.

The second case cited above is clearer. That and the principal case are analogous, in that in the former notice of replacement

was to be given at the end of the month. Herein, notice was to be given within ten days. This difference obviously is immaterial. Since plaintiff herein argues that automatic coverage was extended for ten days following replacement irrespective of notice to the insurer he might just as well argue that in the cited case automatic coverage extended to the end of the month irrespective of notice. We think that the holding of the court conflicts with this interpretation, because it is fairly obvious that it was of the opinion that the failure to comply with the conditions of the policy was material.

We conclude that the provisions of this policy mean that there is automatic coverage from the date of acquisition of the replacing car only in the event that notice is given the insurer within ten days.

Plaintiff has utterly failed in this respect and, accordingly, the defendant's motion is granted.