**HELENA RUBINSTEIN, INC., et al., Plaintiffs-Appellees,**

v.

**Robert G. BAU and Edna P. Bau, Defendants-Appellants.**

**No. 23687.**

United States Court of Appeals, Ninth Circuit.

Nov. 9, 1970.

■■■■■■■■■■■■■■■

---

Harold A. Fendler (argued) Albert M. Herzig, Hamer H. Jamieson, Michael Wolf, Beverly Hills, Cal., for appellant.

Charles E. Wills (argued) Harris, Kiech, Russell & Kern, Los Angeles, Cal., Burgess, Ryan & Hicks, New York City, for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and THOMPSON, District Judge.*

DUNIWAY, Circuit Judge:

The defendants Bau appeal from a partial summary judgment in favor of plaintiffs Helena Rubinstein, Inc. and Oscar Wurmbock, (collectively Rubinstein). The Baus, in this patent litigation, filed a counterclaim against Rubinstein asserting the infringement of Bau's patent No. 2,902,041, issued Sep-tember 1, 1959 (Bau '041). The judgment holds that claims 3, 4 and 5 of Bau '041 are invalid. We affirm, but for a reason different from that stated by the trial judge.

The action began as one brought by Rubinstein under 35 U.S.C. § 146, as parties dissatisfied with a decision by the Board of Interference of the Patent Office. The interference had been de-clared between claims 3, 4 and 5 of Bau '041 and identical claims Nos. 7, 8 and 9 in Wurmbock's Application No. 748,879, originally filed July 16, 1958 (Wurm-bock App. '879). The Board held that as to these claims, Bau was entitled to priority of invention.

On September 29, 1967, the Baus filed a motion for summary judgment, grounded on the proposition that the Wurmbock commercial device corre-sponding to claims 7, 8 and 9 of Wurm-bock App. '879 had been in public use and on sale in this county as early as November, 1955, more than one year prior to the July 16, 1958 filing date of the application. (35 U.S.C. § 102(b)).

On October 27, 1967, Rubinstein filed a motion for partial summary judgment. This motion recited the same facts re-lied upon in the Baus' motion and argued that because claims 7, 8 and 9 of Wurmbock App. '879 were identical to claims 3, 4 and 5 of Bau '041, the inven-tion claimed in Bau '041 was also in public use and on sale more than one year prior to its filing date of April 26, 1957. The defendants, it seemed, had been caught in their own trap.

■■■ On June 18, 1968 the District Court entered its order granting the mo-tions of both parties and a judgment dismissing the complaint and counter-claim. In its Findings of Fact and Con-clusions of Law, the District Court found the facts to be as the Baus had asserted in their motion and granted that motion on the precise ground that had been urged. As to Rubinstein's mo-tion, however, the District Court did not

---

* Honorable Bruce R. Thompson, United States District Judge, District of Nevada, sitting by designation.

find that claims 3, 4 and 5 of Bau '041 were invalid because of prior public use and placing on sale, the ground that Rubinstein had asserted. Rather, the court found that a German patent, Wurmbock '752, is prior art applicable to the claims of Bau '041 under 35 U.S. C. §§ 102(b) and 103 and that those claims are unpatentable for obviousness over Wurmbock '752. Thus the District Court extricated the Baus from their trap but put them in one of its own. We put them back in their own trap. We emphasize that the only issue on this appeal is the propriety of the District Court's order granting Rubinstein's motion for summary judgment and holding claims 3, 4 and 5 of Bau '041 invalid. Rubinstein has not appealed from the portion of the judgment in favor of the Baus, dismissing the complaint.

The Baus vigorously attack the court's findings and judgment on two grounds. They argue that Wurmbock '752 is not prior art because Bau invented his '041 device before Wurmbock '752 was published, or at least that there is a genuine issue as to that material fact. Second, they argue that, assuming that Wurmbock '752 is prior art, Bau's invention is not invalid for obviousness, or at least that there are genuine issues of material fact relating to that question. We need not and do not consider these arguments because we think that Rubinstein's motion was well taken on the ground upon which it was based, that the court could and should have granted it, and that therefore the portion of the judgment appealed from should be affirmed.

First, it is proper for this court to affirm a summary judgment on any ground that appears from the record, whether or not the trial court relied on it. Sellers v. Regents of Univ. of Calif., 9 Cir., 1970, 432 F.2d 493, and cases there cited.

Second, the ground upon which we rely was squarely presented to the trial court, and is fully supported by the record, without any genuine issue as to any material fact. The memorandum accompanying the Baus' motion for summary judgment recites events dated as early as November, 1955 which are characterized as placing in public use and on sale a gadget corresponding to claims 7, 8 and 9 of Wurmbock App. '879. The same recital of facts and legal conclusions appears in the Baus' Proposed Findings of Fact and Conclusions of Law. The proposed findings are based on affidavits, depositions, and answers to interrogatories of employees of Helena Rubinstein, Inc. Not surprisingly, the Baus filed no counter affidavits which would in any way tend to contradict the employees' statements. Indeed, the Baus relied on those statements in support of their motion. Having assured the District Court that there was no genuine issue as to certain facts and that those facts required a particular conclusion of law, and having received a summary judgment in their favor based on those very facts and conclusions, the Baus should not and will not now be permitted to recant.[1] *Cf.* Drop Dead Co. v. S.C. Johnson & Son, 9 Cir., 1963, 326 F. 2d 87, 91, cert. den. 377 U.S. 907, 84 S.

---

1. The Baus recognized their predicament shortly after the Rubinstein summary judgment motion was filed. Their only attempt to escape was by filing additional memoranda which retreated from their earlier position that devices embodying claims 7, 8 and 9 of Wurmbock App. '879 were in public use and on sale as early as November, 1955. The Baus' new position was that such events had not occurred until some time less than one year prior to the filing date of Bau '041. The Baus repeated this attempt after the motion had been granted by opposing Rubinstein's Proposed Findings of Fact and Conclusions of Law. If the trial judge considered the Baus' new position, he did not accord it much weight, for his Findings of Fact supporting the granting of the Baus' motion included the findings originally proposed by the Baus which recited events constituting public use and sale as early as November, 1955. The court's action was entirely proper because the Baus' later memoranda consisted solely of the conjecture and assertions of counsel, unsupported by affidavits based on personal knowledge as required by Rule 56(c), F.R.Civ.P.

Ct. 1167, 12 L.Ed.2d 177; Commissioner of Internal Revenue v. Belridge Oil Co., 9 Cir., 1959, 267 F.2d 291, 294–295.

In this court, the Baus present to us what they believe to be an escape from the trap of their own devising. They point to a prior patent No. 2,829,655, issued to Bau on April 8, 1958 (Bau '655), pursuant to an application filed on January 23, 1956. They argue that because the application for Bau '041 was filed on April 26, 1957, while the application for Bau '655 was pending, and because the application for Bau '041 expressly referred to the pending application for Bau '655, they are entitled, as to Bau '041, to the filing date of the Bau '655 application under 35 U.S.C. § 120. That date, January 23, 1956, is less than one year after the date of prior public use and sale that the Baus showed in their motion for summary judgment. The claims of Bau '655 are for combinations, some, but not all, of which have as some of their elements features similar to some, but not all, of those of claims 3, 4 and 5 of Bau '041, which are also combination claims. It is by no means as clear to us as it appears to be to the Baus that Bau is entitled to the application date of Bau '655. But we decline to consider this means of escape.

The general rule is that we will not consider, as grounds for reversal, contentions that were never presented to the trial court. See Simpson v. Union Oil Co., 9 Cir., 1969, 411 F.2d 897, rev'd on other grounds, 396 U.S. 13, 90 S.Ct. 30, 24 L.Ed.2d 13 (1970); Eason v. Dickson, 9 Cir., 1968, 390 F.2d 585; United States v. Hudspeth, 9 Cir., 1967, 384 F.2d 683; Horner v. Ferron, 9 Cir., 1966, 362 F.2d 224; Stephens v. Arrow Lumber Co., 9 Cir., 1966, 354 F.2d 732; Thomason v. Klinger, 9 Cir., 1965, 349 F.2d 940. We find no sufficient reason to depart from that rule in this case. The Baus had full knowledge of Rubinstein's theory below, and ample opportunity to present their contention to the District Court. They failed to do so.

The court found that devices embodying claims 7, 8 and 9 of Wurmbock App. '879 were in use and on sale in this country, beginning with use on November 22, 1955. This finding inescapably applies equally to claims 3, 4 and 5 of Bau '041, because they are identical. The court's second conclusion of law reads: "This court concludes in all respects as set forth in the foregoing Findings of Fact." Thus the court did, in substance, uphold plaintiff's motion for summary judgment. The fact that it also adopted a second theory on the basis of which it held the Bau claims invalid is not essential to the judgment. If the trial judge had granted Rubinstein's motion without giving any reason,[2] we would not have considered the new ground that the Baus raise before us for the first time. We do not see why, under the circumstances of this case, the fact that the court gave another reason for its decision should make any difference.

Affirmed.

---

2. The trial court is not required to make findings of fact and conclusions of law when it grants a motion for summary judgment. Fromberg, Inc. v. Gross Mfg. Co., 9 Cir., 1964, 328 F.2d 803, 806.