## WAIANAE MODEL NEIGHBORHOOD AREA ASSOCIA-TION, INC., Plaintiff-Appellant *v.* CITY AND COUNTY OF HONOLULU, a Municipal Corporation, Defendant-Appellee.

No. 5170

October 3, 1973

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

This is an appeal by Waianae Model Neighborhood Area Association, Inc., plaintiff, from a circuit court order granting the motion for summary judgment filed by the City and County of Honolulu, defendant, in an action brought by plaintiff, for itself and as representative of a class comprised of persons similarly situated, against defendant, seeking a judgment declaring that the application for building permit for Makaha Beach Apartment Hotel filed by Ruddy F. Tongg, Jr., with defendant's building department did not qualify as

an exemption from the Comprehensive Zoning Code, and directing defendant to revoke the building permit issued to Tongg pursuant to the application.

The Comprehensive Zoning Code, which will hereafter be referred to as CZC, is incorporated by reference in the Revised Ordinances of Honolulu 1969, as Chapter 21, §§ 21-101 through 21-1406. It went into effect on January 2, 1969. However, it exempted from its operation any structure for which an application for building permit was filed with the building department before the effective date, accompanied by plans, specifications, and structural computations in sufficient detail to enable a complete check regarding compliance with the applicable statutes, ordinances, codes, rules, and regulations by the governmental agencies concerned therewith.

The exemption was subject to certain limitations, among which was the limitation in paragraph (d) of § 21-1406, reading as follows: "After the filing of an application, any failure to make any correction ordered by any department in the plans, specifications or structural computations within fourteen (14) calendar days after the date of such order shall nullify the exemption herein granted."

The record in the case shows the following undisputed facts:

1. Plaintiff is a corporation incorporated for the purpose of promoting the general welfare of the community in which its members reside or own property and improving the quality of its environment and the living conditions therein. Its members consist of persons who reside, or own property, in the area affected by the construction of Makaha Beach Apartment Hotel.

2. Makaha Beach Apartment Hotel, as originally planned, did not conform to the CZC standards. However, on December 30, 1968, Tongg filed with the building department an application for building permit for the structure, accompanied by plans, specifications and structural calculations required to be submitted with such application.

3. Defendant's planning department was one of the governmental agencies concerned with the checking of the

plans accompanying the application for building permit. The plans were submitted to that department on January 20, 1969. Upon reviewing the plans, the department requested Tongg to make certain corrections. Tongg made those corrections within 14 days after the request. Thereafter, the following actions were taken with regard to the plans:

(a) On or about April 28, 1969, the department reviewed Tongg's amended plans.

(b) On or about May 16, 1969, the department requested Tongg to make additional corrections.

(c) On May 19, 1969, Tongg's architect requested the department for an extension of time from 14 days to 60 days to make the additional corrections.

(d) On May 29, 1969, Edgar A. Hamasu, division head, land use controls of the department, granted the requested extension.

(e) Tongg submitted the second amended plans to the department within the extended time.

(f) On or about July 30, 1969, the department approved the second amended plans.

4. Plaintiff was incorporated on or about January 27, 1970.

5. The building department issued the building permit for Makaha Beach Apartment Hotel on or about May 20, 1970.

6. Plaintiff commenced this action on December 11, 1970.

The gravamen of plaintiff's complaint is that the building permit for Makaha Beach Apartment Hotel was invalidly issued because, although Tongg had originally brought the application therefor within the purview of the exemption from CZC by filing the same before the effective date of the code, the exemption thus obtained became a nullity under paragraph (d) of § 21-1406, when Tongg failed to make the additional corrections to the plans requested by the planning department on May 16, 1969, within 14 days after the date of the request.

In taking that position, plaintiff construed paragraph (d) of § 21-1406 as prohibiting the planning department from granting any extension of time to make the corrections to the

plans requested by it beyond 14 days after the date of the request for corrections.

Defendant advanced two contentions in the circuit court in support of its motion for summary judgment. The first contention was that plaintiff had no standing in the case to represent the class of persons it purported to represent. The second was that the issuance of the building permit for Makaha Beach Apartment Hotel was not an act which was utterly void but was a mere irregularity, and Tongg's reliance thereon to his financial detriment estopped defendant from invalidating the same.

It appears from the transcript of the hearing on the motion for summary judgment that the circuit court granted the motion in accordance with defendant's first contention. The transcript shows the following colloquy between the court and plaintiff's counsel:

"THE COURT: We don't want your feeling either, what does the case law say as to your standing, to the class representation —

"MR. LAU: To the standing?

"THE COURT: To the class representation. You represent a class isn't that what you are coming under the rules?

"MR. LAU: Yes.

"THE COURT: I think there you failed miserably. The Court will grant summary judgment."

We affirm the order appealed from, but not on the ground on which the circuit court appears to have based its decision. We think that, under the record in this case, defendant was entitled to summary judgment in accordance with its second contention.

An appellate court may affirm summary judgment on any ground which appears in the record, regardless of whether the circuit court relied on it. *Helena Rubinstein v. Bau*, 433 F.2d 1021 (9th Cir. 1970). That is so because "[w]here the decision below is correct it must be affirmed by the appellate court though the lower tribunal gave a wrong reason for its action." *Riley Co. v. Commissioner*, 311 U.S. 55, 59 (1940).

In our opinion, defendant's first contention did not state a

sufficient ground for the granting of summary judgment. That contention raised the question of plaintiff's standing in the case. Summary judgment against plaintiff for lack of standing would have been warranted only if plaintiff had no standing whatsoever in the case. Plaintiff brought this action not only as representative of a class but also in its own right. Defendant's first contention was concerned only with plaintiff's standing as class representative. It did not challenge plaintiff's standing in its own right.

Plaintiff has standing in this case in its own right under *Dalton v. City and County of Honolulu,* 51 Haw. 400, 462 P.2d 199 (1969), and *East Diamond Head Association v. Zoning Board,* 52 Haw. 518, 479 P.2d 796 (1971). Its position in this case differs from that of the plaintiff in *Sierra Club v. Morton,* 405 U.S. 727 (1972). We think that the pleadings in this case contain a sufficient showing of individualized harm to plaintiff and its members, and it cannot be said that plaintiff sought "to do no more than vindicate [its] own value preferences through the judicial process." *Sierra Club v. Morton, supra,* 740.

Defendant's second contention was based on the legal proposition discussed in *Schultze v. Wilson,* 54 N.J. Super. 309, 148 A.2d 852 (1959), that an act of an administrative official which is without any semblance of compliance with or authorization in an ordinance, is beyond his competence and is utterly void; but an act of such official, done in good faith and within the ambit of his duty, upon an erroneous and debatable interpretation of an ordinance, is no more than an irregularity, and the validity of such act may not be questioned after expenditures have been made and contractual obligations have been incurred in reliance thereon in good faith.

We agree with that proposition as being eminently fair and equitable.

The administrative action which requires our consideration in connection with defendant's second contention is the granting by Hamasu to Tongg's architect of an extension of time to make the additional corrections to the plans for Makaha Beach Apartment Hotel requested by the

planning department on May 16, 1969, beyond 14 days after the date of the request for corrections.

Hamasu's action cannot be said to have been without any semblance of compliance with or authorization in an ordinance. The authority of Hamasu to grant the extension was at least debatable.

Paragraph (d) of § 21-1406 did not specifically authorize any governmental agency concerned with the checking of the plans submitted with an application for building permit to grant an extension of time to make the corrections to the plans requested by it beyond 14 days after the date of its request for corrections. For that matter, neither did it specifically prohibit such agency from granting any extension.

Furthermore, paragraph (d) did not set a time limit within which any agency should complete the checking of the plans; nor did it limit the scope of corrections to the plans which an agency might request. A situation is conceivable where the requested corrections were so extensive or were of such nature that 14 days would have been inadequate to comply with the request.

That being the case, it is even arguable that a reasonable construction of paragraph (d) would have implied an authority on the part of an agency to grant an extension of time reasonably necessary to comply with its request for corrections.

Plaintiff has not questioned the authority of Hamasu to act on behalf of the planning department; nor has it questioned Hamasu's good faith in granting the extension.

The ambit of Hamasu's duty was to check and process the plans. We think that the granting of an extension of time reasonably necessary to comply with the request of the planning department for additional corrections was normally incidental to, and within the ambit of, such duty.

Defendant implemented its second contention by filing with its motion for summary judgment an affidavit of Tongg, which showed, among other items, the following expenditures made and contractual obligations incurred on the Makaha Beach Apartment Hotel project, as of December 9, 1970: $7,440 paid, and the additional sum of $151,560

incurred, for architect's fee; $7,255 paid for construction; and $78,281.25 paid, and promissory note for $297,468.75 executed, for financing points.

In opposition to defendant's motion, plaintiff submitted an affidavit of Edgar S. Marcus, senior planner of the residential research and planning center of the model cities project. However, the affidavit merely pointed out the deviations in the approved plans of the Makaha Beach Apartment Hotel from the standards set forth in CZC. Plaintiff did not controvert the averments in Tongg's affidavit by further affidavit or in any other manner mentioned in H.R.C.P., Rule 56(e).

H.R.C.P., Rule 56(e) provides: "The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Affirmed.

*Wesley Lau*, Associate Counsel, Legal Aid Society of Hawaii, for plaintiff-appellant.

*Robert E. St. Sure*, Deputy Corporation Counsel *(Paul Devens*, Corporation Counsel, with him on the brief) for defendant-appellee.