Donald S. BERNARD, Plaintiff,

v.

CITY OF PALO ALTO, et al.,
Defendants.

Donald S. BERNARD, Plaintiff-Appellee,

v.

Richard STAGNER, et al., Defendants,

and

Wesley Earl Johnson,
Defendant-Appellant.

Donald S. BERNARD, on behalf of himself and all others similarly situated, Plaintiff-Appellee,

v.

COUNTY OF SANTA CLARA,
Defendant-Appellant.

No. 81–4462.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 1982.

Decided Feb. 25, 1983.

Bruce Nye, Popelka, Allard, McCowan & Jones, Morris Lenk, San Francisco, Cal., for appellants-defendants.

Daniel S. Mason, Furth, Fahrner, Bluemle, Mason & Wong, San Francisco, Cal., for plaintiff-appellee.

Before BROWNING, Chief Judge, WRIGHT and TRASK, Circuit Judges.

## PER CURIAM:

Plaintiff was arrested without a warrant and held for 51 hours before release without a probable cause determination by a magistrate. He sued Santa Clara County and various county officials and employees for damages, alleging a violation of his fourth amendment right to a prompt determination of probable cause. *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). He also brought a class action challenging the County's policy of incarcerating persons arrested without a warrant for 48 hours and longer without a magistrate's determination of probable cause. The cases were consolidated.

The court granted partial summary judgment in favor of Bernard and the class, finding the County's policy violated the fourth amendment under *Gerstein.* Plaintiff's damage claims were settled. After an evidentiary hearing, the court issued an injunction requiring the County either to provide for a probable cause determination by *ex parte* affidavit or otherwise within 24 hours of a warrantless arrest, or to establish exigent circumstances precluding such a determination. We affirm.

*Gerstein* held the fourth amendment required "as a condition for any significant pretrial restraint on liberty" a fair and reliable determination of probable cause made by a judicial officer "either before or *promptly* after arrest." 420 U.S. at 125, 95 S.Ct. at 869 (emphasis added). The court reasoned, "a policeman's on-the-scene assessment of probable cause provides legal justification for arresting a person suspected of crime, *and for a brief period of detention to take the administrative steps incident to arrest.* Once the suspect is in custody, however, the reasons that justify dispensing with the magistrate's neutral judgment evaporate." *Id.* at 113–14, 95 S.Ct. at 862–63 (emphasis added).

■ The County's policy, expressed in Santa Clara County Bureau of Custody Procedure Order No. 11, purported to implement the requirement of article I, section 14 of the California Constitution and California Penal Code § 849 that an arrestee be arraigned before a magistrate "without unnecessary delay." Procedure Order No. 11 set a maximum holding time without a probable cause determination of 48 hours excluding Saturday, Sunday, and holidays. Yet Sheriff Johnson admitted no more than one and one-half hours was required to book an arrestee if no special problems arose, and no more than eight to ten hours was needed under the worst conditions. Sheriff Boozer testified it took no more than four to six hours to document probable cause for a felony arrest.[1]

---

1. Appellants object that some of this testimony was given at an evidentiary hearing on remedy

held after the court had granted summary judgment on the constitutional issue. We may af-

■ On this record the court's determination that the County of Santa Clara generally should hold a probable cause hearing no more than 24 hours after arrest was eminently reasonable. In the course of the hearing on remedy, defendants' counsel assured the court that "[i]f we have a 24-hour limit we can make our probable cause determinations, and at the same time respect all of the administrative needs, including court calendars of magistrates. . . ." In its brief in this court the County reports that in response to the district court's order "[p]robable cause determinations are being made shortly after an arrestee is arrested and booked, and clearly within the 24 hour time frame."

The County appeals nonetheless because it believes the district court erred in holding the United States Constitution required the County to alter its criminal procedures, and because it believes the change has not benefited arrestees substantially since the County rarely fails to establish probable cause and has been detrimental to the County's program for release of prisoners on their own recognizance.

■ The County argues that *Gerstein* requires only that the probable cause determination be "prompt," imposes no absolute time limit, and permits a state to shape its procedures to meet the constitutional standard as it sees fit. All this is conceded. It does not follow that the district court erred. The Supreme Court provided a definition of a "prompt" determination by a magistrate. The arresting officer's determination of probable cause justifies only "a brief period of detention to take the administrative steps incident to arrest." *Gerstein,* 420 U.S. at 114, 95 S.Ct. at 863. Detention beyond that period requires a determination of probable cause by a neutral magistrate.

In this case the evidence established that Santa Clara County law enforcement officials required no more than 10 hours to complete the administrative steps incident to arrest. It was sensible judicial administration to fix as a benchmark the passage of a period shown by the evidence to provide ample time to complete these steps in all but extreme cases.

The time fixed was not meant to define the constitutional right. Detention for less than 24 hours without a probable cause hearing would violate the Constitution in a particular case if the circumstances were such that the administrative steps leading to a magistrate's determination reasonably could have been completed in less than 24 hours. The court's order provided a mechanism for obtaining judicial approval of delay in excess of 24 hours if exigent circumstances justify that delay. The order served the important practical function of identifying the outer time limit in the vast majority of cases. If the general circumstances were to change, the order of course would be subject to modification.

■ The Supreme Court recognized that some "acceleration" of existing state procedures might be required to comply with *Gerstein.* 420 U.S. at 124, 95 S.Ct. at 868. The County's criminal procedures are left to the county to determine, subject only to the requirement that the detention of persons arrested without a warrant be justified by a magistrate reasonably close to the time required to prepare and make the necessary showing to a magistrate.

The County's suggestion that its "own-recognizance release program" has suffered because of the court's order rests upon the affidavit of the County's Director of Pretrial Services. The Director states that the priority of the Office of Pretrial Services has shifted from arranging for "own recognizance" releases to making sure that adequate affidavits from arresting officers are presented timely to the court for probable cause determinations. Because of "finite

---

firm summary judgment on any ground appearing on the record whether or not the district court relied upon it. *See Turner v. Local Union No. 302, International Brotherhood of Teamsters,* 604 F.2d 1219, 1224 (9th Cir.1979); *Helena Rubinstein, Inc. v. Bau,* 433 F.2d 1021, 1023

(9th Cir.1970). If the rule were otherwise, plaintiffs would renew their motion for summary judgment on remand, the district court would have the testimony given at the evidentiary hearing before it, and the same result would obtain.

resources" the former program "has suffered." The Director's affidavit indicates the primary difficulty to be that the police officers have not been trained adequately in the preparation of probable cause affidavits, requiring substantial staff time for corrective action. The solution seems obvious, and requires no sacrifice of the constitutional rights of persons subjected to warrantless arrest. In any event, protection of the constitutional right of persons who may be detained without probable cause is entitled to priority over affording an opportunity for earlier release to persons as to whom probable cause for detention has been found.

The argument that the benefit of early probable cause determinations to arrestees "is, at best, problematic" because failure to show probable cause is rare ignores both the binding force of *Gerstein* and the individual nature of the constitutional right not to be detained without a neutral magistrate's determination of probable cause.

▮ Defendants argue that plaintiff did not show that any person arrested without a warrant had in fact been held for as long as 48 hours. Defendants contend that probable cause for Bernard's detention had been established before his arrest as evidenced by several outstanding warrants for Bernard's arrest which were discovered after he was taken into custody. Even if Bernard was not entitled to summary judgment, however, the class action and resulting remedial order would not be vitiated. *See McGill v. Parsons*, 532 F.2d 484, 488–89 (5th Cir.1976). The district court's certification of the class was and remains unopposed. Defendants do not contend Bernard could not or did not adequately represent the interests of the class. The disposition of the adjudicated claims of a properly certified class is not affected by the ultimate disposition of the individual claim of the named representative. *East Texas Motor Freight Systems v. Rodriguez*, 431 U.S. 395, 406 n. 12, 97 S.Ct. 1891, 1898 n. 12, 52 L.Ed.2d 453 (1977).

As to the members of the class, the evidence was that each week at least eight to twenty prisoners were released from charges on which they were arrested because the maximum time allowed by Procedural Order No. 11 had passed without a hearing on probable cause. Defendants contend there was no showing that any of these persons were arrested for a felony without a warrant (and thus were within the certified class), or that they were not held for parole violation after an informal preliminary hearing (a group excluded from *Gerstein*, 420 U.S. at 121 n. 22, 95 S.Ct. at 867 n. 22). Defendants argue that these possibilities raise a disputed issue of fact as to whether any member of the class was in fact injured by the County's policy.

Defendants did not raise this argument below. *See Frank C. Bailey Enterprises v. Cargill, Inc.*, 582 F.2d 333, 334 (5th Cir. 1978); *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 848 (9th Cir.1976). In any event, it is without merit. The eight to twenty arrestees released each week were identified as "849–A" discharges, a reference to California Penal Code § 849(a), which applies only to *warrantless* arrestees. Arrestees held on later discovered charges, including parole violations, would be held past the 48-hour limit under the County's designation "849–B." It is undisputed that the County's 48-hour requirement applied to felony as well as to misdemeanor arrests and to warrantless arrests as well as to those made with a warrant. In 1978, 4,942 persons were arrested for felonies in Santa Clara County. Sheriff's Department records indicate "that nearly one-fourth of all persons arrested and booked on felonies are eventually released without charge." Sixty-nine percent of all bookings completed during the first 11 months of fiscal 1979–1980 were warrantless arrests. On this record and in the absence of any evidence to the contrary, reasonable minds could not differ with the factual conclusion that of the scores of arrestees discharged because 48 hours passed without affording them a probable cause hearing, some were persons arrested for a felony without a warrant and not held as parole violators. *See TSC Industries v. Northway, Inc.*, 426 U.S. 438,

450, 96 S.Ct. 2126, 2133, 48 L.Ed.2d 757 (1976).

■ Defendants contend compliance with *Gerstein* is not the obligation of the County because the County is only the jail keeper, and the jail keeper has no control over the "broad spectrum of peculiarized facts that contribute" to delay. The County is responsible for operating the jail and has custody over arrestees. The County determined the detention policies and practices designed to satisfy *Gerstein* that are challenged here. By virtue of its power to release arrestees unconstitutionally detained, the County is in a position to protect the fourth amendment rights of arrestees. The County is a proper defendant.

Affirmed.