**Donald Lee McLAUGHLIN, and all others similarly situated, Plaintiffs-Appellees,**

v.

**COUNTY OF RIVERSIDE and Cois Byrd as Sheriff and individually, Defendants-Appellants.**

**Ian McGREGOR, Margine Bonner, and all others similarly situated, Plaintiffs-Appellees,**

v.

**The COUNTY OF SAN BERNARDINO and Floyd Tidwell as Sheriff and individually, Defendants-Appellants.**

**Nos. 89-55534, 89-55542.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 1989.

Decided Nov. 8, 1989.

week and a fifty-week year, the income based on minimum wage would be $6,700.

Timothy T. Coates, Beverly Hills, Cal., and Susan A. Hopkins, San Bernardino, Cal., for defendants-appellants.

Dan Stormer, Los Angeles, Cal., and Richard P. Herman, Balboa Island, Cal., for plaintiffs-appellees.

Before SCHROEDER and BEEZER, Circuit Judges, and KING,* District Judge.

SCHROEDER, Circuit Judge:

These appeals are consolidated for the purpose of this disposition.

Two California counties, Riverside and San Bernardino, appeal identical district court preliminary injunctions entered in two class actions. Both injunctions require the counties to institute certain policies directed at prompt conduct of probable cause determinations for persons arrested without a warrant. The injunctions apply only to those detained in the counties' urban jail facilities.

The two key requirements of the injunctions are, first, that such probable cause determinations be made by a judge (or a magistrate or other judicial officer) within thirty-six hours of arrest and, second, that the detainees be present for such determinations unless the detainees choose not to attend or circumstances such as hospitalization, make attendance impracticable. The County of Riverside challenges the first requirement, namely that the probable cause determination be made within thirty-six hours of arrest. The County of San Bernardino challenges the second requirement, that of physical presence. In addition, the County of Riverside challenges the standing of the plaintiffs named as class representatives in its case.

We deal first with the standing issue. In order to invoke the jurisdiction of the federal courts, plaintiffs must allege an actual case or controversy by demonstrating a

"personal stake in the outcome." *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). "The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate.' " *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–102, 103 S.Ct. 1660, 1664–65, 75 L.Ed.2d 675 (1983).

■ At the time they filed their complaint, the named plaintiffs in the Riverside action were jail inmates arrested without warrants who did not receive within thirty-six hours, and had not yet received, probable cause determinations. They alleged that they, and those similarly situated, were entitled as a matter of due process to a hearing within thirty-six hours of the time of their arrest.

In challenging their standing, Riverside County relies upon *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660. In *Lyons*, the Supreme Court held that a plaintiff who had been the victim of a police chokehold lacked standing to obtain an injunction barring the City of Los Angeles Police Force's future use of chokeholds because the plaintiff could not establish a real threat that an officer would choke him again. In *Lyons*, the constitutionally objectionable practice, namely the choking of the plaintiff by the policeman, had ceased by the time the plaintiff sought an injunction. In contrast, named plaintiffs in this suit against Riverside County were jail inmates arrested without warrants who had not yet received prompt probable cause determinations, and were still in custody at the time they filed their complaint. Rather than complaining of a past constitutional violation, plaintiffs in *McLaughlin* were actually suffering the harm for which they sought injunctive relief. They have standing.

■ We therefore turn to Riverside County's contention on the merits. The

---

* Honorable Samuel P. King, Senior U.S. District Judge for the District of Hawaii, sitting by desig-

nation.

County argues that the injunction's requirement of providing warrantless arrestees with a probable cause determination within thirty-six hours of arrest exceeds the requirements of the leading Supreme Court decision in this area, *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). *Gerstein* held that the fourth amendment requires the state to provide "a fair and reliable determination of probable cause as a condition for any significant restraint of liberty." *Id.* at 125, 95 S.Ct. at 868. It further held that "this determination must be made by a judicial officer either *before* or *promptly after arrest.*" *Id.* (Emphasis added). This court followed *Gerstein* in *Bernard v. City of Palo Alto,* 699 F.2d 1023, 1025 (9th Cir. 1983). We there held that *Gerstein* required a probable cause determination to be made as soon as the administrative steps incident to arrest were completed, and that such steps should require only a "brief period." *See Kanekoa v. City and County of Honolulu,* 879 F.2d 607 (9th Cir.1989).

Riverside County contends that its compliance with California Penal Code §§ 825 and 991, permitting a probable cause determination at arraignment, fulfills its *Gerstein* obligations. Section 825 states: "The defendant must in all cases be taken before the magistrate (for arraignment) without unnecessary delay, and, in any event within two days after his arrest excluding Sundays and holidays...." Section 991 provides in relevant part that if a "defendant is in custody at the time he appears before the magistrate for arraignment ... the magistrate ... shall determine whether there is probable cause to believe that a public offense has been committed...."

Providing probable cause determinations within such an arraignment time frame permits as much as forty-eight hours plus an intervening Sunday or holiday to elapse before the determination is made. This is not in accord with *Gerstein*'s requirement of a determination "promptly after arrest." Indeed, in *Bernard,* 699 F.2d at 1025, we upheld an injunction requiring a probable cause determination within 24 hours after arrest, emphasizing that under the circum-

stances of that case, more time was not required to complete the administrative procedures incident to the arrest. Other circuits are in accord. *See, e.g., Llaguno v. Mingey,* 763 F.2d 1560, 1567–1568 (7th Cir. 1985) (en banc) (detention for 42 hours without probable cause determination violated warrantless detainees' due process rights where officers did not require 42 hours to complete the administrative steps incident to arrest such as booking and completing paperwork), *United States v. Garza,* 754 F.2d 1202, 1211 (5th Cir.1985); *Fisher v. Washington Metro. Area Transit Authority,* 690 F.2d 1133, 1139–1141 (4th Cir.1982) (probable cause determination must be held as soon as police complete the administrative steps incident to arrest; such steps will vary with geographical factors, local police and court system practices and other factual exigencies).

Our recent decision, *Thompson v. City of Los Angeles and County of Los Angeles,* 885 F.2d 1439 (9th Cir.1989), is inapposite. In that case, we held that petitioner's detention for five days without a probable cause determination did not give rise to a cause of action against the County because he failed to allege that his deprivation occurred pursuant to any county policy or custom. *Thompson,* 885 F.2d at 1444–45. Riverside County, by contrast has adopted a policy whereby conducts probable cause determinations at an arrestee's arraignment, and not earlier. It is this specific county policy which violates plaintiff's due process rights in this case.

Riverside County does not claim that it needs more than thirty-six hours to complete the administrative steps incident to arrest. The judge in issuing this injunction considered the size of the county and the location of the detainees. He concluded that thirty-six hours provided the County with ample time to complete its administrative procedures and the County has not presented any facts to the contrary. Moreover, the judge specifically limited the scope of the preliminary injunction to inmates at the Riverside County Central Jail. The County can easily arrange for probable cause determinations within thirty-six

hours for prisoners housed at such a central urban center, particularly since the county magistrates' offices are just across the street from the jail. Furthermore, the judge purposefully did not set any fixed time limit for Riverside's implementation of satisfactory determination procedures in other parts of the County. Therefore, there is no reason to overturn the thirty-six hour provision of the injunction.

■ We now turn to the district court's requirement that the Counties provide for arrestees' attendance at the probable cause determination, a requirement challenged by San Bernardino County. The Supreme Court in *Gerstein* did not hold that the fourth amendment affords arrestees the right to attend a probable cause determination. The Supreme Court based its holding that warrantless arrestees must receive a prompt probable cause determination upon the premise that warrantless arrestees should be treated on par with those arrested with a warrant. *Gerstein*, 420 U.S. at 120, 95 S.Ct. at 866. The fourth amendment, therefore, affords those arrested without a warrant the same right to have the evidence against them reviewed by a neutral and detached magistrate as that enjoyed by those arrested with a warrant. *Gerstein*, 420 U.S. at 112, 95 S.Ct. at 862. Those arrested with a warrant have not attended the probable cause determination made before issuance of the warrant. We perceive no basis for holding that the fourth amendment grants warrantless arrestees such a right. Furthermore, since the Supreme Court has expressly held that the probable cause determination is not a "critical stage" of the prosecution, the arrestee has no right to counsel or to any other of the adversarial safeguards provided at such a stage. *Gerstein*, 420 U.S. at 119, 122, 95 S.Ct. at 865, 867. While physical presence of the arrestee may frequently serve the useful purpose of ascertaining the identity of the person arrested, presence is not constitutionally mandated. Our decision in the case at bar complies with our decision in *Bernard*, 699 F.2d at 1024, where we upheld a probable cause determination for warrantless arrestees by ex parte affidavit.

The preliminary injunction entered in *McLaughlin v. County of Riverside* is AFFIRMED. The injunction in *McGregor v. County of San Bernardino* is AFFIRMED IN PART and REVERSED IN PART. That case is REMANDED with instructions that the provision requiring presence be vacated.