LEEWARD BUS COMPANY, LTD., Plaintiff-Appellee, *v.* CITY AND COUNTY OF HONOLULU, Defendant-Appellant

NO. 5895

MAY 23, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

The defendant, City and County of Honolulu (City), appeals from an order for summary arbitration issued by the circuit court on the application of plaintiff, Leeward Bus Company, Ltd. (Leeward), for summary order appointing arbitrator. We reverse and remand.

ISSUES

I. Does the agreement fall within the scope of Hawaii Revised Statutes Chapter 658?

II. Did the circuit court err in ordering the selection of the arbitrator?

STATEMENT OF THE CASE

The litigation rises out of dealings between Leeward and the City for the transfer of Leeward's assets to the City. The assets included several buses, fare collection equipment, bus parts and supplies, office supplies and equipment, and

Public Utilities Commission Certificate of Public Convenience and Necessity No. 135-C. These dealings are evidenced by correspondence during March 1974 between the City's Managing Director and the president of Educational and Recreational Services, Inc., of which Leeward is a wholly owned subsidiary. After an initial offer to arbitrate, Leeward accepted the City's counter offer. The parties agreed that Leeward would continue to operate its buses for at least ten days after the City received acceptance of its counter offer; subsequently Leeward's operating assets would be turned over to the City. The City agreed to pay, and has paid Leeward $25,000 upon its acceptance. Leeward alleges that it has turned over all of its operating assets to the City but the City maintains it has taken possession of only ten buses.

In order to establish the price the City would pay Leeward for its assets, the parties agreed that both would select a representative within ten days of the City's receipt of acceptance. The representatives would in turn have ten days to agree upon a sole arbitrator. The agreement specified that the arbitrator should be knowledgeable in the field. The two representatives would then present arguments to the arbitrator on the value of Leeward's assets. It was further specified that the arbitrator would not be given a minimum or maximum figure for the value of Leeward's assets. The arbitrator would have thirty days to return his or her decision. The arbitrator's decision would be final.

The City named Mr. Wilson Driggs (Driggs) and Leeward named Mr. William Bourne (Bourne) as their representatives within the ten-day time limit. The representatives communicated numerous times in their attempt to appoint a mutually acceptable arbitrator. They exchanged several names in the process. Leeward maintains that Bourne and Driggs failed to agree upon a person for the position. The City contends that one of the names submitted by Bourne was that of Douglas Hendry (Hendry); and that within the allotted ten days Driggs informed Bourne that Hendry was acceptable to him, but Bourne indicated he no longer wanted Hendry. The deterioration of the process resulted in this litigation.

In its Order for Summary Arbitration the circuit court

1. Ordered that pursuant to Hawaii Revised Statutes, Section 658-4, the parties hereto shall proceed to arbitration upon the terms and conditions provided hereinabove.

2. Ordered that the parties hereto shall request the American Arbitration Association to designate a panel of ten (10) arbitrators, each of whom shall be a qualified expert in the operation, evaluation and appraisal of public transportation systems; that a resume, including a comprehensive list of appraisals of transit system conducted by each shall be furnished to the following representatives, by registered mail.

*For Defendant*
  Wilson Driggs
  9758 Van Dyke Road
  Dallas, Texas 75218

*For Plaintiff*
  William Bourne
  2824 "N" Street
  Sacramento, Calif. 95810

3. Ordered, that following the submission of the panel or arbitrators together with resumes to the representatives of the respective parties, each shall individually strike such panel members deemed objectionable and shall designate the order of preference of panel members determined to be acceptable. That the said list shall be returned within fifteen (15) days after receipt, to the First Circuit Court of Hawaii . . . whose office will then request the acceptance by the representatives of an arbitrator from the approved list. In such event, that the representative cannot agree upon an acceptable arbitrator, the [court] shall designate the arbitrator and alternates from the original panel of arbitrators.

Relevant statutes include HRS § 658-1 (Supp. 1975) and HRS § 658-2, which read as follows:

§658-1 *Agreement to submit*. A provision in a written contract to settle by arbitration a controversy thereafter arising out of the contract or the refusal to perform the whole or any part thereof, or an agreement in writing to submit an existing controversy to arbitration pursuant to section 658-2, shall be valid, enforceable, and irrevocable, save only upon such grounds as exist for the revocation of any contract.

§658-2 *Agreement to submit existing controversy*. Save in the case of an infant, or a person incompetent to manage his affairs, two or more persons may agree in writing to submit to the arbitration of one or more arbitrators any controversy existing between them at the time of the agreement to submit which arises out of a contract, or the refusal to perform the whole or any part thereof, or the violation of any other obligation. They may also so agree that a judgment of a circuit court shall be rendered upon the award made pursuant to the submission. They may also specify the judicial circuit in which the judgment shall be entered. If the writing does not specify the judicial circuit, the judgment may be entered in any judicial circuit.

I. DOES THE AGREEMENT FALL WITHIN THE SCOPE OF HAWAII REVISED STATUTES CHAPTER 658?

The City contends that the provisions of HRS Chapter 658 do not apply to the agreement in controversy. It argues that the agreement does not provide for arbitration but instead contemplates an appraisal because only the value of Leeward's assets are at issue. We disagree.

We have stated that "[a]n agreement should be construed as a whole and its meaning determined from the entire context and not from any particular word, phrase or clause." *Ching v. Hawaiian Restaurants, Ltd.*, 50 Haw. 563, 565, 445

P.2d 370, 372 (1968). *Ching* involved the interpretation of a lease which provided for the selection of three "appraisers" following procedure similar to that followed in this case. The procedure was incorporated into a lease to resolve a possible dispute between the parties over the renegotiation of rent. The lessor argued that the agreement called for an appraisal and not arbitration because it used the terms "appraisers", "appraisal" and "decision". In rejecting this argument and reversing the lower court's decision to the contrary, the court pointed out that the "appraisers" were only to be appointed if a dispute over the rent arose, that the decision of the "appraisers" had the binding effect of a judgment of a court of law and that the agreement expressly referred to the arbitration and award statute.[1]

It is true that an appraisal is indicated when value is the only issue to be resolved, but it is not the controlling factor. *Omaha v. Omaha Water Co.*, 218 U.S. 180 (1910); 16 Williston on Contracts, Third Ed. § 1919. In *Ching*, the "appraisers" were only to determine the "fair market value" of the rental property, but upon considering the agreement as a whole the court found the contingency of the procedure on the disagreement of the parties and the finality of the "appraiser's" decision established the agreement as one providing arbitration. *Ching v. Hawaiian Restaurants, Ltd., supra; see Omaha v. Omaha Water Co., supra,* 218 U.S. at 194-96.

Applying these considerations to the facts of this case we find the terms of the agreement clearly provide for arbitration. As in *Ching*, the adopted procedure is provided to resolve a dispute between the parties over the value of certain property and the valuation of the decisionmaker is final. Further, the agreement provides that the arbitrator's decision must be returned no later than thirty days after the representatives of each party present their arguments on the

---

[1] At the time the lease was signed the Arbitration and Award Act was found at Revised Laws of Hawaii Section 188-1 *et seq.*

value of Leeward's assets. This quasi-judicial procedure is characteristic of arbitration. *See Bewick v. Mecham,* 26 Cal.2d 92, 156 P.2d 757 (1945); 16 Williston on Contracts, Third Ed. § 1919. For these reasons we hold that the agreement between the City and Leeward provides for arbitration and is within the scope of Hawaii Revised Statutes Chapter 658.

## II. DID THE CIRCUIT COURT ERR IN ORDERING THE SELECTION OF AN ARBITRATOR?

On its application for appointment of an arbitrator Leeward alleged that Bourne and Driggs failed to agree upon a mutually acceptable arbitrator after numerous discussions of possible names. The City contended that Bourne offered Hendry's name as an acceptable impartial arbitrator and Driggs accepted Hendry within the time specified in the arbitration agreement.

Leeward maintains that the circuit court's order was correct because (1) the representatives failed to avail themselves of the method provided for selecting the arbitrator or (2) there was a lapse in the naming of the arbitrator.[2] The City's contention that Hendry's name was proposed by Bourne and accepted by Driggs factually contradict these conclusions. It maintains that this contradiction entitled it to try the issue before a jury. We agree.

---

[2] HRS § 658-4 reads:

§658-4 *Naming arbitrators.* If, in the agreement, provision is made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed. If no method is provided therein, or if a method is provided and any party thereto fails to avail himself of the method, or for any other reason there is a lapse in the naming of an arbitrator or arbitrators, or umpire, or in filling a vacancy, then, upon application by either party to the controversy, the circuit court shall designate and appoint an arbitrator or arbitrators, or umpire, as the case may require, who shall act under the agreement with the same force and effect as if he or they had been specifically named therein. Unless otherwise provided, the arbitration shall be by a single arbitrator.

Leeward contends that even if Bourne did submit Hendry's name he did not do so firmly but only casually mentioned Hendry's name along with others for discussion purposes, and that Driggs' acceptance of a casually mentioned name does not amount to his appointment as arbitrator.

"[T]he proclaimed public policy of our legislature is to encourage arbitration as a means of settling differences and thereby avoid litigation." *Gregg Kendall & Associates, Inc. v. Kauhi*, 53 Haw. 88, 93, 488 P.2d 136, 140 (1971). The effectiveness of arbitration as a vehicle for the resolution of disputes depends in part upon the predictability of its efficiency. Of course, the express provisions of the agreement between the parties is always the first measure of the procedures to be followed. However, where, as in this case the parties basically provide the authority to make the selection and a time limit within which the selection must be made, predictability is not assured if the caprice of the parties controls the selection process. Thus, within this context the suggestive approach proffered by Leeward can only detract from predictability. Where the agreement to arbitrate does not specifically provide terms for the withdrawal of names during the selection process the legislative policy to encourage arbitration leads us to hold that a party submitting a name to the other cannot unilaterally withdraw the name within the time provided for the selection. This is true whether the submission was oral or in writing. Once a name is submitted, the party to whom the name is submitted must consent to the withdrawal of the name and may require a substitute name before allowing the withdrawal. In this manner the parties are assured that their reliance on each other's submissions will not be misplaced.

In finding that the circuit court erred in its order to appoint an arbitrator we note that under HRS § 658-4 the court may order the appointment of an arbitrator where the parties have failed to do so, whether the failure is due to the absence of a method to select, or the neglect of a party to use a provided method or simply the failure of the parties to reach a decision under a prescribed method. However, the court's

power to appoint an arbitrator under HRS § 658-4 must be read in conjunction with the first sentence of the section which states,

> If, in the agreement, provision is made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed.

This implies that the court cannot appoint an arbitrator where it is shown the parties have already agreed upon a name. The City has continually maintained that an agreement was reached. The contention that Hendry was properly named under the agreement clearly raises the issue of whether the method of selection has been followed. In substance, the City maintains that Leeward is not complying with the agreement.

The resolution of a factual dispute over a party's compliance with the agreement to arbitrate is provided for in HRS § 658-3.[3] The section provides for a jury trial, when timely demanded, where the failure to comply with the agreement is at issue. The fact that the court was acting on Leeward's application for appointment of an arbitrator is not

---

[3] HRS § 658-3 (Supp. 1975) reads:

§658-3 *Compelling compliance with agreement; jury trial when.* A party aggrieved by the failure, neglect, or refusal of another to perform under an agreement in writing providing for arbitration, may apply to the circuit court for an order directing that the arbitration proceed in the manner provided for in the agreement. Five days' notice in writing of the application shall be served upon the party in default. Service thereof shall be made in the manner provided for service of a summons. The court shall hear the parties, and upon being satisfied that the making of the agreement or the failure to comply therewith is not in issue, the court hearing the application shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. If the making of the agreement or the default is in issue, the court shall proceed summarily to the trial thereof.

A jury trial may be demanded by either party before or at the time of the return and if such demand is made, the issue shall be tried before a jury, otherwise the court shall hear and determine the issue.

If the jury, if tried by a jury, or the court, if tried by the court, finds that no agreement in writing providing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury, if the trial is before the jury, or the court, if the trial is before the court, finds that a written provision for arbitration was made and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.

a bar to granting the City a trial on the issue. It is clear that the City would be entitled to a trial on the issue had it filed an application for an order to compel arbitration prior to Leeward's application for appointment of an arbitrator. There appears to be no good reason to deny it the same benefit simply because Leeward decided to proceed under HRS § 658-4. In this situation we hold that HRS § 658-4 must be read with HRS § 658-3 and the City's demand for a jury trial entitled it to a resolution of this issue by a jury.

For these reasons we reverse and remand for further proceedings consistent with this opinion.

*Samuel P. King, Jr.*, Deputy Corporation Counsel (*Kenneth P. H. Nam*, Deputy Corporation Counsel, on the brief) for defendant-appellant.

*Cedric Choi* (*Robert A. Smith* on the brief, *Torkildson, Katz & Conahan* of counsel) for plaintiff-appellee.