FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SEVEN SIGNATURES GENERAL
PARTNERSHIP,

Petitioner - Appellant,

v.

IRONGATE AZREP BW LLC, a
Delaware limited liability company,

Respondent - Appellee.

No. 12-15268

D.C. No. 1:11-cv-00500-JMS-RLP

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawai'i
J. Michael Seabright, District Judge, Presiding

Argued and Submitted February 20, 2014
U. of Hawai'i, Manoa

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Seven Signatures General Partnership ("Seven Signatures") appeals the

district court's order denying its motion to compel arbitration and granting Irongate

AZREP BW LLC's ("Irongate") motion to dismiss and/or motion for summary

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

judgment regarding a sales contract Seven Signatures entered into to purchase unit 3509 in the Trump International Hotel & Tower at Waikiki Beach Walk. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Seven Signatures principally argues that the district court erred in refusing to enforce the arbitration clause of the sales contract for unit 3509. We review de novo a grant of summary judgment, interpretation of a contract, and denial of a motion to compel arbitration. *See Video Software Dealers Ass'n v. Schwarzenegger*, 556 F.3d 950, 956 (9th Cir. 2009) (summary judgment); *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (contract interpretation); *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1152 (9th Cir. 2004) (motion to compel arbitration).

To determine whether a "controversy is subject to an agreement to arbitrate" under Hawai'i Revised Statutes § 658A-6(b), we must determine which agreement—the Master Settlement Agreement ("MSA") or the sales contract—governs the dispute. Under Hawai'ian law, "the mere existence of an arbitration agreement does not mean that the parties must submit to an arbitrator disputes which are outside the scope of the arbitration agreement." *Hawaii Med. Ass'n v. Hawai'i Med. Serv. Ass'n, Inc.*, 148 P.3d 1179, 1194 (Haw. 2006) (internal quotation marks omitted). Parties also may amend a contract, including

2

one which contains arbitration terms. *See Shanghai Inv. Co., Inc. v. Alteka Co.*, 993 P.2d 516, 531 (Haw. 2000), *overruled in part on other grounds, Blair v. Ing*, 31 P.3d 184, 188 (Haw. 2001). The arbitration agreement "should be construed as a whole and its meaning determined from the entire context[.]" *Leeward Bus Co., Ltd. v. City & County of Honolulu*, 564 P.2d 445, 448 (Haw. 1977) (internal quotation marks omitted).

The MSA "constitutes the master settlement of all open business issues" between Seven Signatures and Irongate and is intended to supplement "Transaction Documents" between the parties. Any dispute regarding the MSA "is subject to the exclusive jurisdiction of the state or federal courts located within the State of Hawaii." With respect to termination, the MSA provides that any units in which Seven Signatures is the buyer and for which it is not ready to close "are in default at this time and, therefore, the contracts for those units are terminable at the sole discretion of Irongate."

Although the MSA does not expressly list the specific sales contract for unit 3509 as a "Transaction Document" in the preamble of the MSA, none of the specific sales contracts were so listed, despite the clear effect the MSA has on the terms of these agreements. *See In re Taxes, Aiea Dairy, Ltd.*, 380 P.2d 156, 163 (Haw. 1963) (noting that the preamble is not strictly a part of the contract and

3

should not limit the contract's operative provisions). As the district court noted, the MSA directly affects the contract sales agreements by giving Irongate the right, in its sole discretion, to terminate those agreements. Construing the preamble as limiting the MSA's reach only to the transaction documents and not to these sales contracts would render substantive portions of the agreement meaningless.

Accordingly, we conclude that the operative dispute resolution clause in the MSA supersedes the arbitration provision in the sales contract with respect to the underlying dispute over Seven Signatures's purchase of unit 3509 from Irongate. In so holding, we do not pass judgment on or credit any finding of fact with respect to default, termination, or closing date. We leave those issues for any further proceedings.

**AFFIRMED.**