## JOSEPH S. FERRY *v.* CARL S. CARLSMITH.

## No. 955.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

HON. C. F. PARSONS, JUDGE.

ARGUED JANUARY 23, 1917.          DECIDED FEBRUARY 9, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

LIBEL AND SLANDER—*privileged communication.*

An attorney in the conduct of judicial proceedings is privileged from prosecution for libel or slander in respect to words or writings used in the course of such proceedings reflecting injuriously upon others when such words or writings are material and pertinent to the questions involved regardless of the motive prompting the use of the words or writings, but counsel shall not avail himself of his situation to gratify private malice by uttering slanderous expressions against a party, witness or third person which have no relation to the subject-matter of the inquiry.

EVIDENCE—*burden of.*

Where plaintiff has made out a *prima facie* case the burden of evidence shifts to defendant and a nonsuit should not be granted.

DISMISSAL AND NONSUIT—*motion for—effect of on evidence.*

A motion for a judgment of nonsuit admits everything the evidence fairly tends to prove.

OPINION OF THE COURT BY COKE, J.

(Robertson, C.J., dissenting.)

This is an action based upon alleged false and defamatory words spoken maliciously of and concerning plaintiff herein in the course of defendant's address, as an attorney, to a jury impaneled to try the case of John Mitsuhashi against Joseph Ferry, plaintiff herein, then pending in and before the fourth circuit court. The latter case was an

action for damages for alleged malicious prosecution of said Mitsuhashi by Ferry. In that case Carlsmith, the defendant herein, was the attorney for Mitsuhashi.

The plaintiff's second amended complaint, upon which the case finally went to trial, set forth the alleged slanderous words of the defendant Carlsmith, included in which is the following: "He (meaning the plaintiff herein) attempted to blackmail John Mitsuhasihi, meaning and intending thereby to charge that plaintiff herein had feloniously attempted to extort money from said John Mitsuhashi; that shyster Ferry (meaning the plaintiff herein) was trying to do up this old man. He (meaning the plaintiff herein) was after scheme money, meaning and intending thereby to charge that the plaintiff herein was a tricky lawyer and was doing his business as such lawyer in a dishonest way and without professional honor. The defendant (meaning the plaintiff herein) wanted the plaintiff (meaning Mitsuhashi) to pay him $200, for what? The defendant Ferry (meaning the plaintiff herein) was after hush money; he was after blood money, meaning and intending thereby to charge that the plaintiff herein was feloniously attempting to extort the sum of $200 from said Mitsuhashi. * * * All of which said words were false and defamatory and were not pertinent or material to the issue in said action or to the matters then under discussion or inquiry."

The plaintiff produced a considerable amount of evidence in support of the allegations of his complaint and rested his case, whereupon the defendant moved for a judgment of nonsuit upon various grounds, but which, for the purpose of this opinion, may be confined to the following: (1) That the plaintiff had failed to show that the defamatory words spoken by defendant, as set forth in plaintiff's amended declaration, were not pertinent, relative and material and did not have reference to the matters and issues

in the case of Mitsuhashi against Ferry; (2) that the plaintiff had, by the evidence introduced in his behalf, affirmatively shown and proven that the said defamatory words were spoken in relation to and in connection with the action and with reference to the matters in issue in the case of Mitsuhashi against Ferry, and (3) that the plaintiff had affirmatively shown and proven that the defamatory words were privileged." As a general proposition of law we hold it to be well settled that attorneys, in the conduct of judicial proceedings, are privileged from prosecution for libel or slander in respect to words or writings, used in the course of such proceedings, reflecting injuriously upon others, when such words and writings are material and pertinent to the question involved. Within this limit the protection is complete irrespective of the motive prompting the use of the words or writings, but the privilege does not extend to matters having no materiality or pertinency to the question involved in the suit. The communication is absolutely privileged if the same is a fair comment upon the evidence and relevant to the matters at issue. "Counsel is not liable to answer for defamatory matter uttered by him in the trial of a cause if the matter is applicable and pertinent to the subject of inquiry, but this privilege of counsel must be understood to have this limitation, that he shall not avail himself of his situation to gratify private malice by uttering slanderous expressions against party, witness, or third persons which have no relation to the subject-matter of the inquiry." Townshend, Slander & Libel, 3 ed. 392. 25 Cyc. 383.

This leads us to a consideration of the question whether the defendant Carlsmith, in his argument to the jury in the case of Mitsuhashi against Ferry, exceeded the limit to which he would be afforded protection by the rule just stated, or whether his language to the jury constituted a fair comment upon the evidence and was based upon mat-

ters relevant to the issue. Upon whom rested the burden of proof of the negative allegation contained in the complaint, that is to say, "that the words spoken were not pertinent or material to the issue in said action or to the matters then under discussion or inquiry," has occupied much of the attention of counsel herein, both in their oral argument and in their briefs. We recognize that the authorities are badly divided upon this question.

Conceding for the purpose of this opinion, but not so deciding, that the burden of proving the negative allegation of the non-materiality of the words alleged to have been maliciously and slanderously spoken by defendant, to be upon the plaintiff, and in view of the fact that ample evidence was adduced on the part of the plaintiff in proof of malice and the other material allegations contained in plaintiff's complaint, there remains but one question for us to decide, namely, whether there was sufficient evidence introduced up to the time of the presentation of the motion for nonsuit to sustain the allegation of the non-materiality of the words spoken to the issues involved, thereby shifting the burden of the evidence from plaintiff to defendant. The burden of proof remains with the party upon which it is cast by the pleadings, but the burden of the evidence may shift back and forth with the ebb and flow of the testimony.

The plaintiff Ferry in his testimony before the jury in this case explained at great length and in detail the facts and circumstances surrounding his entire dealings with Mitsuhashi, and particularly with reference to the two hundred dollar transaction, in regard to which Carlsmith in his address to the jury is alleged to have made use of the words "hush money" and "blood money," thereby accusing Ferry of feloniously attempting to extort from Mitsuhashi the sum of two hundred dollars. The evidence sufficiently establishes the fact that the client of Ferry had endeavored to settle a pending suit with Mitsuhashi by the latter's

payment of the sum of two hundred dollars to cover costs and expenses, and that the proposition of settling on such terms was, by direction of his client, presented by Ferry to Mitsuhashi. Ferry further testified that to the best of his recollection he had given the same evidence regarding these transactions in the trial of the malicious prosecution case of Mitsuhashi against Ferry. The evidence of Ferry (and there is no other evidence in the record pertaining to the subject) clearly shows that the dealings between himself and Mitsuhashi relative to the two hundred dollars were innocent of wrong and entirely free from any taint or just suspicion that Ferry was acting dishonestly in relation thereto. In the light of this evidence it was not a fair comment upon the evidence nor material to the issues involved in the case, in referring to this transaction, to accuse Ferry of attempting to obtain hush money or blood money from Mitsuhashi, unless there was other evidence in the case justifying the use of the language. It is neither relevant nor material to characterize an innocent transaction as an attempt to extort blood money. "Surely no one would contend that, when the facts show that a person had been caught passing counterfeit 50-cent pieces, it would be relevant to refer to the occurrence as the 'discovery of another Jack the Ripper.'" *Press Pub. Co.* v. *Gillette,* 229 Fed. 108. In view of the fullness of Ferry's testimony respecting this transaction we are of the opinion that the burden of producing such other evidence, if any existed, was shifted to the defendant. Counsel for the defendant took the position that it was incumbent upon the plaintiff to have presented in evidence a transcript of the entire evidence given at the trial of the malicious prosecution case in order to establish the non-materiality of the language claimed to have been used by defendant to the issues in the case. We think this course, although a cautious one, not necessary for reasons above set forth. If there was anything

in such evidence that would rebut and overcome the *prima facie* case made by the plaintiff it was a matter available to the defendant. We hold that plaintiff had at the close of the evidence made out a *prima facie* case and was entitled to have the same passed upon by the jury, and that the trial court erred in granting the motion for nonsuit. "A motion for a judgment of nonsuit admits everything which the evidence fairly tends to prove." 2 Thompson on Trials, Secs. 2267-2268; 2 Chamberlayne on Evidence, Sec. 980; *Kelley* v. *Owens,* 30 Pac. 596.

The order granting the nonsuit herein is hereby reversed and the cause remanded to the lower court for a new trial.

*Harry Irwin* for plaintiff.

*W. H. Smith* (*Carlsmith & Rolph* with him on the brief) for defendant.

### DISSENTING OPINION OF ROBERTSON, C.J.

It is assumed that the burden of proof was upon the plaintiff to show that the words uttered by the defendant were not pertinent or material in or to the case in the course of the trial of which they were spoken. In order to sustain this burden it was incumbent on the plaintiff to show that the language complained of was not permissible comment upon any of the evidence given in the former case viewed from any possible angle. See *Youmans* v. *Smith,* 153 N. Y. 214, 219. No such proof was offered in the case at bar. Counsel for the plaintiff took the position at the trial, as he has done in this court, that the burden was upon the defendant to show by way of defense that his remarks were pertinent and material to some issue in the former case, and he made no attempt to prove the negative. On cross-examination of the plaintiff testimony was elicited tending to show that the two hundred dollar proposition was a *bona fide* one made in connection with the settlement of a then pending action of ejectment in which Mit-

suhashi was the defendant.   If there was any evidence in this case that there was no testimony in the malicious prosecution case other than that given by Ferry I would concur with the majority that the language used by the defendant was not pertinent or material, but wholly unjustified.   As the evidence stood when the plaintiff rested his case I think the trial judge was obliged to hold that the plaintiff had failed to make a *prima facie* showing that the language was not pertinent or material.   He was unable to say, as this court is unable to say, that there was no evidence in the case which could have served as a basis for an accusation of blackmail.   The case of *Press Pub. Co.* v. *Gillette*, 229 Fed. 108, was not one involving the privilege of a witness or counsel in a proceeding in court, and, it seems to me, throws no light on the question involved in the case at bar.