JOSHUA C. AGSALUD, Director of the Department of Labor and Industrial Relations, Appellant, *v.* DAVID K. O. LEE, Appellee

NO. 8797

(CIVIL NO. 69722)

JUNE 9, 1983

LUM, C.J., NAKAMURA, PADGETT, AND HAYASHI, JJ.,
AND CIRCUIT JUDGE MOON ASSIGNED
BY REASON OF VACANCY

*Per Curiam.* The sole issue is whether a Referee for Employment Security Appeals, Department of Labor and Industrial Relations, State of Hawaii, clearly erred in reversing an Unemployment Insurance Division determination that Claimant-appellant David K. O. Lee (Lee) was not "unemployed," as defined in HRS § 383-1(16), and was thus ineligible for unemployment compensation benefits. Concluding he did not, we affirm the judgment of the First Circuit Court upholding the Referee's decision.

I.

Lee is president of Dave's Electrical Service, a family corporation which has been in the business of performing electrical subcontracting work on the island of Oahu since 1973. As chief corporate officer, Lee is in charge of hiring and supervising employees, preparing and submitting bids for jobs, and collecting payments due for work completed. However, he receives no compensation for services he provides as company president. Rather, Lee's wages are derived exclusively from his employment as an electrician by the corporation. He therefore receives no pay from the company unless he performs electrical work.

On November 14, 1981, Lee laid off his electrician employees, including himself, due to the lack of available work. Between that date and December 7, 1981, when he filed an initial claim for unemployment compensation benefits, Lee spent a total of three hours preparing bids for three possible jobs. And in accord with the established policy of the company, he received no remuneration for such services.

The Unemployment Insurance Division (the Division), acting through one of its claims examiners, determined and informed Lee that he was not entitled to the benefits sought. In its December 23, 1981 Notice of Decision on Unemployment Insurance Claim, the Division advised Lee: "As you are prepared to return to your company the minute work becomes available, you are the president and responsible managing employee, and you have invested 10 years of your life to your business, it is determined that you are not unemployed."

Lee appealed the Division's decision to the Employment Security Appeals Referee who conducted a hearing on the benefit claim. In his decision of January 21, 1982, the Referee reversed the determination of the Division, giving the following reasons:

Section 383-1(16) of the Hawaii Employment Security Law provides that an individual shall be deemed "unemployed" in any week during which he performs no services and with respect to which no wages are payable to him, or in any week of less than full-time work if the wages payable to him with respect to such week are less than his weekly benefit amount.

The evidence in this case shows that claimant has performed an insignificant amount of services and was not paid for these services. Under these circumstances I find that he is unemployed.

The Director of the Department of Labor and Industrial Relations (the Director) appealed the Referee's decision to the First Circuit Court, asserting the Referee had clearly erred in the determination that Lee was "unemployed" within the meaning of HRS § 383-1(16). But the circuit court, finding the decision was supported by "reliable, probative, and substantial evidence," affirmed the Referee's determination. The Director filed a timely appeal, pursuant to HRS § 383-41, from the

circuit court's judgment.

## II.

The Hawaii Administrative Procedure Act circumscribes judicial review of an administrative decision like that of an Employment Security Appeals Referee by prescribing a clearly erroneous test. The Act, in relevant part, states:

Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:

. . . .

(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.

HRS § 91-14(g). Under the clearly erroneous standard thereby established, an agency's decision will not be reversed unless examination of the complete record leaves the reviewing court with a "definite and firm conviction that a mistake has been made." *DeFries v. Association of Owners,* 57 Haw. 296, 302, 555 P.2d 855, 859 (1976); *see also Wailuku Sugar Co. v. Agsalud,* 65 Haw. 146, 148, 648 P.2d 1107, 1110 (1982); *McGlone v. Inaba,* 64 Haw. 27, 34, 636 P.2d 158, 163 (1981); *In re Hawaii Electric Light Co.,* 60 Haw. 625, 629, 594 P.2d 612, 616-17 (1979); *In re Kauai Electric Division of Citizens Utility Co.,* 60 Haw. 166, 186, 590 P.2d 524, 538 (1978).

Mindful of this governing principle of law, we have perused the record to ascertain whether there is merit to the Director's claim that the circuit court erroneously affirmed the Referee's conclusion that Lee was an "unemployed" individual.

The Hawaii Employment Security Law defines "unemployment" as follows:

"Unemployment". An individual shall be deemed "unemployed" in any week during which he performs no services and with respect to which no wages are payable to him, or in any week of less than full time work if the wages payable to him with respect to such week are less than his weekly

benefit amount.
HRS § 383-1(16). The foregoing provisions plainly and unambiguously establish two categories of unemployment: (1) a person is unemployed in any given week if he performs no services and receives no wages, and (2) one is unemployed if he performs less than full-time work for which the wages payable to him are less than his weekly unemployment compensation benefit amount.

The Director contends the Referee's finding that "claimant has performed an insignificant amount of services and was not paid for these services" definitely removes the claimant from the first category of unemployment because that part of the statute presupposes that one who performs any services cannot be deemed an "unemployed" person thereunder. The Director undoubtedly is on firm ground here. The statute speaks of an individual who "performs no services," and Lee, who spent approximately three hours preparing job bids for the corporate employer during the period of several weeks for which unemployment benefits were claimed, was not one who performed no services.

But HRS § 383-1(16) articulates another basis for deeming one "unemployed" and an intended beneficiary of the Employment Security Law. Where an individual performs less than full-time work during a week and the wages payable to him with respect thereto are less than the weekly unemployment benefit payable to a person with his work history and earnings record, he is nonetheless considered "unemployed" under the alternative test for "unemployment" in § 383-1(16). Lee, in our opinion, fell within the second category of the law's intended beneficiaries.[1] While he rendered services of value to the corpo-

---

[1] The record indicates neither the Director nor the Unemployment Insurance Division questioned the legality of the corporate arrangement of remunerating Lee only for his services as an electrician with Dave's Electrical Service. Thus, it is not an issue presented for review. However, while we find no evidence that Lee had any questionable intent in restricting his wages to services rendered as an electrician, we note that this can be an area of possible abuse and fraud by corporations seeking to manipulate the Employment Security Law to their advantage. But as the record in this case yields no evidence of such manipulation, we choose not to consider the matter.

ration, the wages due him were definitely less than his benefit amount.[2] Thus, we can only conclude he met the statutory criteria for "unemployment."

Under these circumstances, we cannot but agree with the circuit court that the Referee's decision was supported by "reliable, probative, and substantial evidence, and [was] not subject to reversal or modification" under the clearly erroneous standard. That the Referee reasoned Lee was "unemployed" under the first rather than the alternative test for "unemployment" in HRS § 383-1(16) is of no consequence; for "[w]here the decision below is correct it must be affirmed by the appellate court though the lower tribunal gave a wrong reason for its action." *Riley Co. v. Commissioner,* 311 U.S. 55, 59 (1940); *see Hawaii Carpenters' Trust Funds v. Aloe Development Corp.,* 63 Haw. 566, 578, 633 P.2d 1106, 1113 (1981); *Waianae Model Neighborhood Area Association v. City & County,* 55 Haw. 40, 43, 514 P.2d 861, 864 (1973).

Affirmed.

*Dwight K. Nadamoto,* Deputy Attorney General, on the brief for appellant.

*David K. O. Lee,* Pro Se (no brief filed).

---

[2] Lee testified before the Referee that he was paid hourly wages amounting to $12.50 when he worked as an electrician. Assuming the services rendered in preparing bids were compensable at the same rate, the wages for the hour or so of work per week that would have been due him were obviously far less than the weekly benefit a person actually receiving $12.50 per hour would in all likelihood be entitled to as unemployment compensation.