MICHAEL F. McCARTHY and CURTIS J. BERNHARDT, Plaintiffs-Appellants, *v.* ROY Y. YEMPUKU and SHACKLEY F. RAFFETTO, Defendants-Appellees, and R. PATRICK JARESS, JOHN DOES 1 through 10, JOHN DOE PARTNERSHIPS 1 through 10, and JOHN DOE CORPORATIONS 1 through 10, Defendants

NO. 9199

(CIVIL NO. 70547)

FEBRUARY 21, 1984

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

Plaintiffs Michael F. McCarthy (McCarthy) and Curtis J. Bernhardt (Bernhardt) (collectively Appellants) appeal the summary judgment in favor of defendants Roy Y. Yempuku (Yempuku) and Shackley F. Raffetto (Raffetto) (collectively Appellees), two attorneys at law, in a defamation action. The issue before us is whether, based on the record in the case, the granting of summary judgment was proper. We answer no and reverse, except that as to Raffetto only regarding Counts II and III of the complaint we answer yes and affirm.

On April 7, 1982, Appellants filed a complaint alleging that Appellees and R. Patrick Jaress (Jaress) had uttered defamatory statements against them. Count I alleged that Jaress had made statements indicating that Bernhardt "had been involved in illegal transfers of money from the mainland to Hawaii."[1] In Count II, Appellants alleged that at a meeting with Blake T. Okimoto (Okimoto) on March 4, 1982, Appellees stated that Bernhardt "had made his money by dealing in drugs and had used his business to launder the money derived from drug operations." Count III alleged that at the same March 4 meeting Appellees stated that Appellants "were under investigation by the Drug Enforcement Administration, FBI and Internal Revenue Service" and that McCarthy "had been involved in the utilization of American Resources, Inc. to launder money derived from Mr. Bernhardt's alleged drug operations." Count IV alleged that on March 16, 1982, in the presence of

---

[1] Defendant R. Patrick Jaress (Jaress) did not move for summary judgment. Therefore, Jaress and Count I of the complaint are not involved in this appeal.

McCarthy and others, Raffetto stated that McCarthy "was guilty of 'rip offs' and that he had 'ripped off the loan company.' "

Appellees and Jaress filed their respective answers which interposed, *inter alia,* the defense of privilege. Subsequently, Appellees filed their respective motions for summary judgment. The trial court orally ruled at the December 9, 1982 hearing that summary judgment would be granted since the statements made by Appellees, if, in fact, ". . . Raffetto made any of [the] statements, were made in the process . . . or in anticipation of judicial proceedings" and were "absolutely privileged." Transcript of December 9, 1982 Proceedings at 11-12.

On February 2, 1983, the trial court filed its order granting Appellees' motions and directing the entry of final judgment pursuant to Rule 54(b), Hawaii Rules of Civil Procedure (HRCP) (1981). This appeal followed.

I.

It is well settled in this jurisdiction that under Rule 56(c), HRCP (1981), summary judgment is proper "where, from the record, there is no genuine issue as to any material fact and movants clearly demonstrate they should prevail as a matter of law." *Hulsman v. Hemmeter Development Corp.,* 65 Haw. 58, 61, 647 P.2d 713, 716 (1982). *See Molokai Homesteaders Cooperative Ass'n v. Cobb,* 63 Haw. 453, 629 P.2d 1134 (1981); *Vlasaty v. Pacific Club,* 4 Haw. App. 556, 670 P.2d 827 (1983); *Bank of Honolulu v. Anderson,* 3 Haw. App. 545, 654 P.2d 1370 (1982). The evidence in the record and the inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Fernandes v. Tenbruggencate,* 65 Haw. 226, 649 P.2d 1144 (1982); *Silver v. George,* 64 Haw. 503, 644 P.2d 955 (1982); *Costa v. Able Distributors, Inc.,* 3 Haw. App. 486, 653 P.2d 101 (1982). Additionally, in reviewing a summary judgment, an appellate court will not examine evidentiary documents which were not specifically called to the attention of the trial court. *Munoz v. Yuen,* 66 Haw. 603, 670 P.2d 825 (1983).

Appellants contend that summary judgment was improper since (1) the alleged defamatory statements were not absolutely privileged as a matter of law and (2) genuine issues of material fact exist.

## II.

The resolution of the issues raised by Appellants requires (1) a delineation of the essential elements comprising the absolute privilege applied by the trial court and (2) a determination of whether the evidence viewed in the light most favorable to Appellants proves the requisite elements of the privilege.

### A.

The privilege claimed by Appellees is set forth in Restatement (Second) of Torts § 586 (1977) (Restatement § 586) as follows:

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

Our supreme court has adopted an absolute privilege for attorneys by its holding in *Ferry v. Carlsmith,* 23 Haw. 589, 591 (1917), that "attorneys, in the conduct of judicial proceedings, are privileged from prosecution for libel or slander in respect to words or writings, used in the course of such proceedings, . . . when such words and writings are material and pertinent to the question involved."

The absolute privilege is grounded on the important public policy of "securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients." Restatement § 586 comment a. Thus, it not only protects attorneys in the pursuit of their profession, but also ensures the public's right to zealous legal representation. Counterbalancing this, however, is the equally important policy of protecting individuals from defamatory statements which are unrelated to the judicial proceeding involved. Consequently, "the privilege does not cover the attorney's publication of defamatory matter that has no connection whatever with the litigation." Restatement § 586 comment c.

To avail himself of the absolute privilege, an attorney has the burden of proving the following essential elements: (1) that the defamatory statements were made in the course of a judicial pro-

ceeding and (2) that the statements were related, material, and pertinent to that proceeding.

Regarding the first element, the Restatement construes "the course of a judicial proceeding" as follows:

> The publication of defamatory matter by an attorney is protected not only when made in the institution of the proceedings or in the conduct of litigation before a judicial tribunal, but in conferences and other communications preliminary to the proceeding.

Restatement § 586 comment a.

To prove the second element, it must be shown that there is a sufficient connection between the defamatory statements and the judicial proceeding. *See* Restatement § 586 coimment c. For the court to find such a connection, the statements must be (1) "reasonably related" to the proceeding, *Romero v. Prince,* 85 N.M. 474, 477, 513 P.2d 717, 720 (1973); *Johnston v. Cartwright,* 355 F.2d 32 (8th Cir. 1966); *Larmour v. Campanale,* 96 Cal. App. 3d 566, 158 Cal. Rptr. 143 (1979); *Rader v. Thrasher,* 22 Cal. App. 3d 883, 99 Cal. Rptr. 670 (1972), which means that the statements must *"have some connection or logical relation to the judicial proceeding,"* *Bradley v. Hartford Accident & Indemnity Co.,* 30 Cal. App. 3d 818, 824, 106 Cal. Rptr. 718, 722 (1973) (emphasis in original), and (2) "made to achieve the objects of the litigation." *Romero v. Prince,* 85 N.M. at 477, 513 P.2d at 720; *Izzi v. Rellas,* 104 Cal. App. 3d 254, 163 Cal. Rptr. 689 (1980); *Lerette v. Dean Witter Organization, Inc.,* 60 Cal. App. 3d 573, 131 Cal. Rptr. 592 (1976).

## B.

Our review indicates that there is insufficient evidence in the record to prove Appellees' defense of absolute privilege as a matter of law.

The evidence in the record and the reasonable inferences therefrom viewed in the light most favorable to Appellants disclose the following facts. Pacific Loan, Inc. (PLI) was involved in three separate civil cases. First, Raffetto represented PLI and Pacific Standard Life Insurance Company in an action against Real Estate Finance Corporation (REFC) regarding certain property at Makawao, Maui (Makawao Case). Second, Yempuku represented PLI in Civil No. 68330 concerning certain property at Lawai, Kauai (Lawai Case).

Finally, the third case is First Circuit Court Civil No. 67851, *Pacific Loan, Inc. v. Curtis Bernhardt, et al.* (Civil No. 67851). Raffetto did not represent PLI in Civil No. 67851. Appellants were not parties in the Makawao and Lawai Cases. The record is silent as to whether Yempuku represented PLI or any other party in Civil No. 67851 and whether McCarthy was a party in the case.

As attorney for PLI in the Lawai Case, Yempuku "was coordinating his efforts with Shackley Raffetto," the attorney for PLI in the Makawao Case. Yempuku's Affidavit, Record, Vol. 1, at 109. On February 23, 1982, in the Makawao Case[2] the deposition of a Nathan Suzuki (Suzuki) was begun but continued to a later date when Suzuki invoked his Fifth Amendment rights. Suzuki was the controller of a company called American Resources in which Appellants were the principals. On February 25, 1982, Francis O'Brien (O'Brien), acting as Suzuki's counsel, met with Yempuku to discuss the matter of obtaining immunity from criminal prosecution before resuming Suzuki's deposition. Prior to the resolution of this matter, however, O'Brien withdrew as Suzuki's counsel.

On March 3, 1982, Okimoto became Suzuki's counsel and immediately telephoned Yempuku to request a continuance of Suzuki's deposition scheduled for the following day. Yempuku refused Okimoto's request, but agreed to meet with him on the next day to discuss Suzuki's involvement with PLI, REFC and American Resources.

At the March 4, 1982 meeting, Appellees informed Okimoto that Daniel Matsukage (Matsukage)[3] was very candid when his deposition was taken. They stated that Matsukage and REFC had misappropriated trust funds and that the mechanics of the misappropriation were performed by Suzuki under Matsukage's direction. Okimoto inquired who else was involved besides Matsukage and Suzuki. Yempuku gave three names: "Curtis Bernhardt, an-

---

[2] Plaintiff Michael F. McCarthy states in his affidavit that the deposition of Nathan Suzuki was taken in Civil No. 68330, the Lawai Case, *see* Record, Vol. 2, at 64, while defendant Roy Y. Yempuku states that the deposition was taken in the Makawao Case. *See* Affidavit of Roy Y. Yempuku, Record, Vol. 1, at 109. Whether the deposition was taken in one case or the other has no bearing on our decision.

[3] The record indicates that Matsukage had some connection with REFC but does not indicate what it was.

other Bernhardt . . . and . . . McCarthy." Okimoto's Deposition Exhibit 2. Thereafter, the defamatory statements alleged in Counts II and III of the complaint were made.

On March 16, 1982, a deposition was scheduled to be taken in Civil No. 67851. Raffetto made the defamatory statements alleged in Count IV just prior to the commencement of the deposition.

There is no dispute that Yempuku and Raffetto were attorneys representing parties in the Lawai and Makawao Cases, respectively.

There is also no genuine issue whether the defamatory statements made at the March 4 meeting of three attorneys and on March 16 when a deposition was scheduled were in the course of judicial proceedings. Appellants have conceded this point by stating that they "have never questioned whether the meeting and deposition here involved were judicial proceedings." Reply Brief at 1.

However, we find the record to be wholly inadequate to establish as a matter of law that the defamatory statements made by Appellees were related, material, and pertinent to the judicial proceedings.

First, despite Appellees' contention to the contrary, we cannot determine how the Makawao Case, Lawai Case, and Civil No. 67851 are interrelated. Since the pertinent pleadings and other documents in those cases were neither certified and made a part of the record, see Rule 56(e), HRCP (1981), nor specifically pointed out to the trial court for it to take judicial notice, see Rule 201, Hawaii Rules of Evidence (HRE) (1981), we will not consider them on review. See *Munoz v. Yuen*, 66 Haw. 603, 670 P.2d 825 (1983). Although during oral argument Appellants' counsel referred to a judgment entered in the Makawao Case and subsequent garnishment proceedings, supportive documents are not in the record. It is unclear whether Suzuki was being deposed in conjunction with the garnishment proceedings, and if so, what relevance such proceedings had with Civil No. 67851 which involved Appellants.

Second, the record is obscure as to the parties and witnesses involved in the three cases and this case. From the record we cannot determine the exact relationship among Appellants, Appellees, Suzuki, Okimoto, Matsukage, PLI, REFC, and American Resources.

Third, based on the meager facts in the record, it is impossible to determine how the defamatory statements would achieve the objects of the litigation in the Makawao Case, Lawai Case, and Civil No. 67851.

Fourth, regarding the March 16 defamatory statements attributed to Raffetto in Count IV, there is nothing in the record to establish that those statements were related to any of the three civil cases. The facts are that a deposition in Civil No. 67851 was scheduled on March 16, that Raffetto, who did not represent PLI in that case, was asked to leave just prior to the commencement of the deposition, and that Raffetto "reacted by making defamatory statements immediately prior to leaving the room where the deposition was to be taken." McCarthy's Affidavit, Record, Vol. 2, at 64.

Our supreme court has stated that "summary judgment should not be granted unless the entire record shows a right to judgment with such clarity as to leave no room for controversy." *State v. Zimring*, 52 Haw. 472, 475, 479 P.2d 202, 204 (1970) (quoting *Phoenix Savings & Loan, Inc. v. Aetna Casualty & Surety Co.*, 381 F.2d 245, 249 (4th Cir. 1967)). Consequently, in view of the inadequate record, we hold that summary judgment in favor of Appellees on the ground of absolute privilege was improper.

## III.

Despite our holding above, we affirm the summary judgment in favor of Raffetto as to Counts II and III of the complaint on a separate and independent ground.

Our supreme court has stated that "[a]n appellate court may affirm summary judgment on any ground which appears in the record, regardless of whether the circuit court relied on it." *Waianae Model Neighborhood Area Ass'n, Inc. v. City & County*, 55 Haw. 40, 43, 514 P.2d 861, 864 (1973). *See Bats, Inc. v. Shikuma*, 1 Haw. App. 231, 617 P.2d 575 (1980). Thus, "where the trial court has reached a correct conclusion, its decision will not be disturbed on the ground that the reasons it gave for its action were erroneous." *Federal Electric Corp. v. Fasi*, 56 Haw. 57, 64, 527 P.2d 1284, 1289-90 (1974). *See Agsalud v. Lee*, 66 Haw. 425, 664 P.2d 734 (1983); *Hawaii Carpenters' Trust Funds v. Aloe Development Corp.*, 63 Haw. 566, 633 P.2d 1106 (1981).

In his answer, Raffetto denied the paragraphs in Counts II and III of the complaint which alleged the utterance of the defamatory statements. In support of his motion for summary judgment, he contended below that, whether or not the absolute privilege applies,

he never made the statements alleged in Counts II and III and that, based on the record, there is no genuine issue as to that fact. We agree.

It is undisputed that the only persons present at the March 4 meeting were Yempuku, Raffetto, and Okimoto. Yempuku's affidavit and Okimoto's deposition with attached exhibits are the only evidence in the record regarding the March 4 meeting. Yempuku's affidavit is terse and does not disclose who said what at the meeting. Okimoto's deposition testimony, however, is quite comprehensive and covers what was said at the meeting. Okimoto clearly testified that Raffetto did not make the defamatory statements alleged in Counts II and III.

Appellants argue, however, that the facts stated in McCarthy's affidavit raise a genuine issue on this point. In paragraph 3 of his affidavit, McCarthy states:

> 3. In the late afternoon of March 4, 1982 the affiant [McCarthy] discussed with Blake Okimoto the meeting that had taken place between Blake Okimoto, Roy Yempuku and Shakley [sic] Raffetto. During the discussion Mr. Okimoto said, while it was clear in his mind, that "both attorneys joined in the comments concerning the IRS, FBI and DEA" and that they were "both refering [sic] to the laundering of drug money."

Record, Vol. 2, at 63.

Appellants offered the statement in McCarthy's affidavit to prove the truth of the matter asserted, that "Okimoto said, . . . that 'both attorneys joined in the comments.' " Thus, the statement is inadmissible hearsay, *see* Rules 801(3) and 802, HRE, without an applicable exception. *See* Rules 802.1, 803, and 804, HRE.[4] Being hearsay and inadmissible evidence, the statement violates the mandatory provisions of Rule 56(e), HRCP (1981),[5] and may not be considered for purposes of summary judgment. *See Pacific Concrete*

---

[4] Rules 802.1, 803, 804, Hawaii Rules of Evidence (1981), provide for numerous exceptions to the hearsay rule. However, none of those exceptions is applicable here.

[5] Rule 56(e), Hawaii Rules of Civil Procedure (1981), in pertinent part provides:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

*F.C.U. v. Kauanoe,* 62 Haw. 334, 614 P.2d 936 (1980); *Brown v. Bishop Trust Co., Ltd.,* 44 Haw. 385, 355 P.2d 179 (1960); *Vlasaty v. Pacific Club,* 4 Haw. App. 556, 670 P.2d 827 (1983); *Wolfer v. Mutual Life Insurance Co. of New York,* 3 Haw. App. 65, 641 P.2d 1349 (1982).

Appellants allude to a theory of agency whereby Yempuku had made the defamatory statements for both Appellees. In support of this theory, Appellants point to Okimoto's deposition testimony that it was his "understanding that Mr. Yempuku was speaking for both himself and Mr. Raffetto." Okimoto's Deposition at 85. However, our supreme court has stated:

> While everyone who participates in the publication of defamatory remarks may be properly charged with having published them, the mere acceptance of such remarks as true cannot constitute publication, regardless of how much weight that acceptance may lend to their apparent validity. The plaintiff must plead and prove, where the defendant himself has not published the defamatory matter, that the defendant through a third party directed or procured its publication.

*Runnels v. Okamoto,* 56 Haw. 1, 3, 525 P.2d 1125, 1127-28 (1974) (footnote omitted). Here, Appellants neither pled nor proved that Raffetto authorized and directed Yempuku to publish the defamatory statements for him.

It is fundamental that an actionable defamation requires publication which means a communication to a third party other than the person defamed. *Runnels v. Okamoto, supra; Vlasaty v. Pacific Club, supra.* The record is clear that Raffetto did not publish the defamatory statements alleged in Counts II and III and he was entitled to summary judgment on those counts.

IV.

Accordingly, we affirm the summary judgment in favor of Raffetto as to Counts II and III of the complaint and reverse the summary judgment in favor of Yempuku as to Counts II and III and in favor of Raffetto as to Count IV.

Remanded for further proceedings consistent with this opinion.

*Allan F. Suematsu (Michael F. McCarthy* on the opening brief and *Boyce R. Brown, Jr.* with him on the reply brief; *Brown & Durant,* of counsel) for plaintiffs-appellants.

*James F. Ventura (Faye M. Koyanagi* with him on the brief, *Libkuman, Ventura, Ayabe & Hughes,* of counsel) for defendant-appellee Roy Y. Yempuku.

*John S. Edmunds (Ronald J. Verga* with him on the brief; *John S. Edmunds,* Attorney at Law, A Law Corporation, of counsel) for defendant-appellee Shackley F. Raffetto.