These appeals are from malicious prosecution actions. Case No. 89-1630, being a duplicate cause of action, is hereby dismissed, and the facts of Case No. 89-1503 are set forth below.
This case arises out of the prosecution of a malpractice action by Nell Crosswy and her attorney, Robert M. Echols, Jr., wherein a summary judgment was entered in favor of Ms. Crosswy's physician, the defendant, Dr. Rodger C. Dickinson. The complaint in the malpractice action contended that Dickinson had deviated from the acceptable standard of care during his treatment of Ms. Crosswy for pains in her hip and in her back. Following the entry of summary judgment in his favor in that action, Dickinson filed this malicious prosecution action, alleging that Echols had not had probable cause to file the malpractice action and, that, even if he had had probable cause to file, he lacked probable cause to proceed against Dickinson because, Dickinson *Page 1258 
argues, there was no evidence that Echols investigated Ms. Crosswy's claims while the malpractice case was pending.
The trial judge, at the close of Dr. Dickinson's case, directed a verdict in favor of Echols because of Dickinson's failure to offer proof of malice and lack of probable cause. Dickinson appeals, contending that he did make an offer of proof of malice and lack of probable cause sufficient to warrant the submission of the case to a jury.[1] At the outset, we note:
 " 'Malicious prosecution is an action disfavored in the law.' Cutts v. American United Life Insurance Co., 505 So.2d 1211, 1212
(Ala. 1987). The reason for such disfavor is clear: '[P]ublic policy requires that all persons shall [be able to] resort freely to the courts for redress of wrongs and to enforce their rights, and that this may be done without the peril of a suit for damages in the event of an unfavorable judgment by jury or judge.' Boothby Realty Co. v. Haygood, 269 Ala. 549, 114 So.2d 555, 559
(1959)."
Eidson v. Olin Corp., 527 So.2d 1283, 1284 (Ala. 1988). Furthermore, in order to establish a prima facie case of malicious prosecution, the plaintiff must make an offer of proof of the following:
 "(1) that a judicial proceeding was initiated by [the defendant] against [the plaintiff], (2) that the judicial proceeding was instituted without probable cause, (3) that the proceedings were instituted by [the defendant] maliciously, (4) that the judicial proceeding has been terminated in favor of [the plaintiff], and (5) that [the plaintiff] suffered damage as a approximate cause of the judicial proceeding. Smith v. Wendy's of the South, Inc., 503 So.2d 843, 844
(Ala. 1987)."
Id. The only elements in dispute in this case are (2) and (3). During the trial, Dr. Dickinson offered evidence that, prior to filing this malpractice lawsuit, Echols had not talked with Dickinson himself or with Dr. Langford, the physician who treated Crosswy subsequent to Crosswy's consultations with Dickinson. Dr. Langford testified by deposition that he had never indicated to Ms. Crosswy that Dr. Dickinson had, in any way, deviated from the standard of care; however, Echols contended in his answer that Ms. Crosswy told him that Langford had so indicated, and that that was the basis for his filing of the lawsuit. The fact of Echols's failure to talk with Dickinson or Langford was basically the plaintiff's only evidence of lack of probable cause; it falls far short of tending to show that Echols did not in any way investigate the merits of the case. Simply because he failed to interview Dickinson and Langford does not, by implication, tend to show that Echols failed to consult other doctors or medical books, etc., in order to establish whether Ms. Crosswy had a valid medical malpractice cause of action. The fact that he had not presented testimony of an expert witness before the motion for summary judgment was filed in the malpractice case also does not imply that no investigation was made while the action was pending. Dickinson could have called Echols to the stand to determine exactly what Echols had done by way of investigation with regard to the malpractice case; however, he did not do so.
The plaintiff simply failed to make a prima facie case of malicious prosecution, and, therefore, the directed verdict was proper.
89-1503 — AFFIRMED.
89-1630 — DISMISSED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.
[1] Because this case was pending on June 11, 1987, the "scintilla rule" of evidence is applicable. See Ala. Code 1975, § 12-21-12. *Page 1259