Michael A. PARK, Plaintiff—Appellant,

v.

YOUNG BROTHERS, LTD; William G. Chung; Doe Persons 1–10; Doe Partnerships 1–10; Doe Corporations 1–10; Roe Non–Profit Corporations 1–10; and Roe Governmental Entities 1–10, Defendants—Appellees.

No. 03–16712.

D.C. No. CV–02–00684–DAE/LEK.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2004.*

Decided Dec. 2, 2004.

Before BRUNETTI, GRABER, and BYBEE, Circuit Judges.

## MEMORANDUM**

Plaintiff Michael A. Park appeals from the district court's grant of summary judgment in favor of Defendants. We affirm.

1. Plaintiff's state law claim for negligent investigation is preempted by § 301 of the Labor–Management Relations Act ("LMRA"), 29 U.S.C. § 185, because the duty to investigate comes from the collective bargaining agreement. Hawaii Administrative Rule § 12–60–2(b)(1)(B)(viii) does not create an independent, statutory

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

standard of care. *See Lee v. Corregedore,* 83 Hawaii 154, 925 P.2d 324, 343 (1996) (stating that a statute must prohibit or proscribe conduct in order to form the basis for a statutory standard of care). Even if it did, Plaintiff's claim relates to his termination, not to the health and safety objectives that the regulation targets. *See* Haw.Rev.Stat. § 396–2 (stating the purposes of the health and safety law).

2. Summary judgment was properly granted on Plaintiff's defamation claim. The statements made in judicial and administrative proceedings were related to Plaintiff's misconduct and termination and therefore fell within the absolute litigation privilege. *See McCarthy v. Yempuku,* 5 Haw.App. 45, 678 P.2d 11, 14 (1984) (describing privilege). Plaintiff's claim based on statements made during the company's investigation and grievance procedures is preempted by the LMRA. *See Shane v. Greyhound Lines, Inc.,* 868 F.2d 1057, 1063 (9th Cir.1989) (holding that a defamation claim based on statements in a written disciplinary notice was preempted); *Scott v. Machinists Auto. Trades Dist. Lodge 190,* 827 F.2d 589, 594 (9th Cir.1987) (per curiam) (holding that a claim based on statements made during a formal grievance procedure was preempted). Articles 28 and 30 of the collective bargaining agreement create an implicit obligation to investigate employee misconduct that results in disciplinary action. Plaintiff presented no evidence that defamatory statements were made outside the context of the investigation and grievance procedure required by the collective bargaining agreement.

3. Plaintiff's claim for negligent infliction of emotional distress is based on the same conduct as the first two claims and

therefore is preempted. *See, e.g., Harris v. Alumax Mill Prods., Inc.,* 897 F.2d 400, 403 (9th Cir.1990) (holding that a claim for intentional infliction of emotional distress was preempted where it was based on the same conduct as a preempted claim for breach of the covenant of good faith and fair dealing); *Chmiel v. Beverly Wilshire Hotel Co.,* 873 F.2d 1283, 1286 (9th Cir. 1989) (holding that a claim for intentional infliction of emotional distress was preempted where it arose out of the same conduct as a preempted contract claim).

AFFIRMED.